IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>HCG Diet Direct, LLC; and Clint Ethington,<br><br>Defendants. | Case No. CV-14-00015-PHX-NVW<br><br>STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint for Permanent Injunction and Other Equitable Relief against Defendants HCG Diet Direct, LLC, a corporation, and Clint Ethington, individually and in his capacity as Chief Executive Officer of HCG Diet Direct, LLC, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).

The Commission and Defendants have entered into a stipulation for entry of this Order in settlement of the Commission's allegations against Defendants. The Court, having been presented with this Stipulated Final Judgment and Order for Permanent

Injunction and Other Equitable Relief ("Order"), finds as follows:

## **FINDINGS**

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendants participated in deceptive acts or practices in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, in the labeling, advertising, marketing, distribution, and sale of purported hCG weight-loss products.

3.    Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.    Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.    The parties waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## **ORDER DEFINITIONS**

Unless otherwise specified,

1.    "Corporate Defendant" means HCG Diet Direct, LLC, and its successors and assigns.

2.    "Individual Defendant" means Clint Ethington.

3.    "Defendants" means HCG Diet Direct, LLC, and Clint Ethington,

individually or collectively.

4.      "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      "Adequate and well-controlled human clinical study" means a human clinical study that is randomized, double-blind, placebo-controlled, and conducted by persons qualified by training and experience to conduct such a study.

6.      "Covered Product" means any dietary supplement, food, or drug, including, but not limited to, the HCG Diet Direct products.

7.      "Covered Service" means any weight-loss service or program.

8.      "Covered Product or Service" means any Covered Product or Covered Service.

9.      "Endorsement" means as defined in 16 C.F.R. § 255.0(b).

10.      "Essentially Equivalent Product" means a product that contains the identical ingredients, except for inactive ingredients (e.g., binders, colors, fillers, excipients), in the same form and dosage, and with the same route of administration (e.g., orally, sublingually), as a Covered Product; *provided that* the Covered Product may contain additional ingredients if reliable scientific evidence generally accepted by experts in the field demonstrates that the amount and combination of additional ingredients is unlikely to impede or inhibit the effectiveness of the ingredients in the Essentially Equivalent Product.

11.      "Food" and "drug," as used herein, are defined in Section 15 of the FTC

Act, 15 U.S.C. § 55.

12.   "Dietary supplement" means:

    a.   any product labeled as a dietary supplement or otherwise represented as a dietary supplement; or

    b.   any pill, tablet, capsule, powder, softgel, gelcap, liquid, or other similar form containing one or more ingredients that is a vitamin, mineral, herb or other botanical, amino acid, probiotic, or other dietary substance for use by humans to supplement the diet by increasing the total dietary intake, or a concentrate, metabolite, constituent, extract, or combination of any ingredient described above, that is intended to be ingested, and is not represented to be used as a conventional food or as a sole item of a meal or the diet.

13.   The term "including" in this Order means "including without limitation."

14.   The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

# I.

## PROHIBITED REPRESENTATIONS:  WEIGHT LOSS CLAIMS

IT IS HEREBY ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or

participation with them who receive actual notice of this Order, by personal service or

otherwise, in connection with the manufacturing, labeling, advertising, promotion,

offering for sale, sale, or distribution of any Covered Product, in or affecting commerce,

are hereby permanently restrained and enjoined from making, or assisting others in

making, directly or by implication, including through the use of a product name,

endorsement, depiction, or illustration, any representation that:

> A.   Such Covered Product causes, or assists in causing, weight loss, or any
>       specific amount of weight loss;
>
> B.   Such Covered Product causes, or assists in causing, rapid weight loss; or
>
> C.   Consumers who use the Covered Product can generally expect to achieve
>       the weight loss results represented by an endorser of such Covered Product;

unless the representation is non-misleading and, at the time of making such

representation,  Defendants possess and rely upon competent and reliable scientific

evidence that substantiates that the representation is true.  For purposes of this Section,

competent and reliable scientific evidence shall consist of at least two adequate and well-

controlled human clinical studies of the Covered Product, or of an Essentially Equivalent

Product, conducted by different experts, independently of each other, that conform to

acceptable designs and protocols and whose results, when considered in light of the entire

body of relevant and reliable scientific evidence, are sufficient to substantiate that the

representation is true.  Defendants shall have the burden of proving that a product

satisfies the definition of an Essentially Equivalent Product.

## II.

**PROHIBITED REPRESENTATIONS:  OTHER HEALTH-RELATED CLAIMS**

IT IS FURTHER ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product or Service, in or affecting commerce, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of a product name, endorsement, depiction, or illustration, any representation about the health benefits, performance, safety, or efficacy of any Covered Product or Service, other than representations covered under Section I of this Order, including, but not limited to, a claim that consumers who use the Covered Product or Service can generally expect to achieve the results represented by an endorser of such Covered Product or Service, unless the representation is non-misleading, and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.  For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or

studies that have been conducted and evaluated in an objective manner by qualified persons and are generally accepted in the profession to yield accurate and reliable results.

## III.

### PROHIBITED REPRESENTATIONS REGARDING TESTS, STUDIES, OR INGREDIENTS

IT IS FURTHER ORDERED that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product or Service, in or affecting commerce, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any product name, endorsement, depiction, or illustration:

    A.    That the benefits of any Covered Product or Service are scientifically proven; and

    B.    The existence, contents, validity, results, conclusions, or interpretations of any test, study, or research.

## IV.

### PROHIBITED REPRESENTATIONS REGARDING FDA APPROVAL

IT IS FURTHER ORDERED that Defendants, directly or through any corporation,

partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, in or affecting commerce, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any product name, endorsement, depiction, or illustration, that a Covered Product is approved by the U.S. Food and Drug Administration ("FDA").

## V.

## FDA APPROVED CLAIMS

IT IS FURTHER ORDERED that:

A.       Nothing in this Order shall prohibit Defendants from making any representation for any drug that is permitted in labeling for such drug under any tentative or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B.     Nothing in this Order shall prohibit Defendants from making any

representation for any product that is specifically permitted in labeling for

such product by regulations promulgated by the Food and Drug

Administration pursuant to the Nutrition Labeling and Education Act of

1990.

## VI.

## REQUIRED DISCLOSURES OF MATERIAL CONNECTIONS

IT IS FURTHER ORDERED that Defendants, directly or through any corporation,

partnership, subsidiary, division, trade name, or other device, and their officers, agents,

servants, representatives, employees, and all persons or entities in active concert or

participation with any of them who receive actual notice of this Order, by personal

service or otherwise, in connection with the manufacturing, labeling, advertising,

promotion, offering for sale, sale, or distribution of any Covered Product or Service, in or

affecting commerce, shall disclose, clearly and conspicuously, in close proximity to the

triggering representation for any endorsement or testimonial for the Covered Product or

Service, all material connections between the endorser or user of the Covered Product or

Service and the Defendants, or any other person manufacturing, advertising, labeling,

promoting, offering for sale, selling, or distributing such Covered Product or Service.

## VII.

## TREATMENT OF CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, directly or through any corporation,

partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any formulation of HCG Diet Direct Drops, are hereby permanently restrained and enjoined from, directly or indirectly:

A.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, sensitive health information, other identifying information, or any data that enable access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the labeling, advertising, marketing, distribution, or sale of HCG Diet Direct Drops; and

B.  Failing to dispose of such customer information in all forms in their possession, custody, or control 30 days after receipt of written direction to do so from a representative of the Commission.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however*, that customer information need not be disposed of, and may

be disclosed to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.

## MONETARY JUDGMENT FOR CONSUMER REDRESS AND SUSPENSION

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of three million, two hundred twelve thousand, three hundred ten dollars ($3,212,310) is entered in favor of the Commission and against the Defendants, jointly and severally, as equitable monetary relief.  This Judgment is suspended subject to the provisions below.

B.     The Commission's agreement to suspension of this Judgment is expressly premised on the truthfulness, accuracy, and completeness of the sworn financial statements and related documents (collectively "financial representations") submitted to the Commission, namely:

1.     The Financial Statement of Clint Ethington dated April 18, 2013, together with attachments, including individual and related corporate federal tax returns and schedules, and individual bank statements;

2.     The Corporate Financial Statement for HCG Diet Direct, LLC dated April 22, 2013, together with attachments, including

corporate federal tax returns and schedules, balance sheets,

profit and loss statements, and a list of related businesses; and

3.    The Letter Addendum to the Corporate Financial Statement

dated June 13, 2013.

C.    The suspension of this Judgment will be lifted as to any Defendant if, upon

motion by the Commission, the Court finds that Defendant failed to

disclose any material asset, materially misstated the value of any asset, or

made any other material misstatement or omission in the financial

representations identified above.

D.    If the suspension of this Judgment is lifted, the Judgment becomes

immediately due as to that Defendant in the amount specified above in

Subsection A, which the parties stipulate only for purposes of this Section,

represents consumer injury alleged in the Complaint less any payment

previously made pursuant to this Section, plus interest computed from the

date of entry of this Order.

E.    Defendants relinquish dominion and all legal and equitable right, title, and

interest in all assets transferred pursuant to this Order and may not seek the

return of any assets.

F.    The facts alleged in the Complaint will be taken as true, without further

proof, in any subsequent civil litigation by or on behalf of the Commission,

including in a proceeding to enforce its rights to any payment or monetary

judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G.   The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H.   Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

I.   All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as

disgorgement.  Defendants have no right to challenge any actions the

Commission or its representatives may take pursuant to this Subsection.

## IX.

## REQUIREMENT TO PROVIDE CUSTOMER LIST

IT IS FURTHER ORDERED that Defendants, alone or in conjunction, shall, no

later than sixty (60) days after receipt of written request from a representative of the

Commission, compile and deliver to the Commission a report, in the form of a sworn

affidavit, listing all persons who purchased any formulation of HCG Diet Direct Drops,

on or after January 1, 2009 through the date of entry of this Order.  Such report shall

include each person's name and address, the products purchased, the approximate total

amount of moneys paid less any amount credited for returns or refunds, and, if available,

the person's telephone number and email address.  The report shall be submitted to the

Commission electronically at DEBrief@ftc.gov in a format to be approved in advance by

a representative of the Commission and encrypted with encryption software such as

SecureZip with the encryption key provided electronically to DEBrief@ftc.gov in a

separate communication.

## X.

## ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt

of this Order:

A.      Defendants, within seven (7) days of entry of this Order, must submit to the

Commission acknowledgments of receipt of this Order sworn under penalty of perjury.

B.   For ten (10) years after entry of this Order, Individual Defendant, for any business that engages in conduct related to the subject matter of this Order, that such Defendant, individually or collectively with Corporate Defendant, is the majority owner or controls directly or indirectly, and Corporate Defendant, must deliver a copy of this Order to:

(1)   All principals, officers, directors, and LLC managers and members;

(2)   All employees, agents, and representatives who participate in the labeling, advertising, marketing, distribution, or sale of purported hCG and other weight-loss products; and

(3)   Any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.   From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

# XI.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.    Sixty (60) days after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

    1.    Each Defendant must:  (a) identify the primary physical, postal, and telephone number as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2.    Additionally, Individual Defendant must:  (a) identify all of his

telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all of his titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

 1. Each Defendant must report any change in:  (a) any designated point of contact; (b) the structure of any Corporate Defendant, or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

 2. Additionally, Individual Defendant must report any change in:  (a) his name, including aliases or fictitious name, or residence address; or (b) his title or role in any business activity, including any business

for which such Defendant performs services, whether as an employee or otherwise, and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of the filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEBrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:   Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580.  The subject line must begin:  FTC v. HCG Diet Direct and the FTC case number.

# XII.

## RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for five (5) years.  Specifically, Corporate Defendant and Individual Defendant, for any business that engages in conduct related to the subject matter of this Order, of which that Defendant, individually or collectively with the other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.   Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.   Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; address; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.   Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.   All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.   A copy of each advertisement or other marketing material.

## XIII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Defendants must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants,

without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated this 7th day of January, 2014.

_____
Neil V. Wake
United States District Judge