# Exhibit 18

NOVUSOP LLC

Deposit Account Name (Last Name, First, M.I.)

REDACTED 2079

~~Account Number~~

Account Category: Comm/Non Pers     Ownership: Comm/Other     No. of Signers Required: ONE

Open Date: 02/24/2012 ~~Closed Date:~~
03/28/2012

UNLESS OTHERWISE INDICATED ABOVE, WE (THE BANK) MAY RECOGNIZE ANY **ONE** OF THE SIGNATURES BELOW AS AUTHORITY TO PAY FUNDS OR TRANSACT ANY BUSINESS FOR THIS ACCOUNT BY SIGNING THE FORM, YOU (ALL ACCOUNT HOLDERS) ACKNOWLEDGE RECEIPT OF COPIES OF THE FIRSTBANK DEPOSIT ACCOUNT AGREEMENT AND ELECTRONIC BANKING AGREEMENT AND AGREE TO BE BOUND BY THEIR TERMS AS WELL AS ALL OTHER ACCOUNT RULES AND REGULATIONS OF THE BANK. YOU AUTHORIZE THE BANK TO ISSUE AN AUTOMATED BANKING CARD AND PERSONAL IDENTIFICATION NUMBER.

CERTIFICATION: UNDER PENALTIES, MY SIGNATURE (INCLUDES ALL INDIVIDUAL OR AUTHORIZED PERSONS SIGNING BELOW) ON THIS ACCOUNT SIGNATURE FORM CERTIFIES THAT THE NUMBER SHOWN ON THIS FORM IS MY CORRECT TAXPAYER IDENTIFICATION NUMBER (TIN) AND I AM NOT SUBJECT TO BACKUP WITHHOLDING BECAUSE (1) I AM EXEMPT FROM BACKUP WITHHOLDING, (2) I HAVE NOT BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE (IRS) THAT I AM SUBJECT TO BACKUP WITHHOLDING AS A RESULT OF A FAILURE TO REPORT ALL INTEREST OR DIVIDENDS, OR (3) THE IRS HAS NOTIFIED THAT I AM NO LONGER SUBJECT TO BACKUP WITHHOLDING. **CERTIFICATION IS REQUIRED BY THE IRS. THE IRS DOES NOT REQUIRE YOUR CONSENT TO ANY PROVISIONS ON THIS DOCUMENT OTHER THAN THE CERTIFICATIONS REQUIRED TO AVOID BACKUP WITHHOLDING.**

Signature:     Name: NOVUSOP LLC

Customer Number: REDACTED     DOB:     TIN REDACTED

Address: 1918 N. HIGLEY RD
MESA, AZ 85205

| Primary Identification | | Secondary Identification | |
|---|---|---|---|
| Type/Nbr: | | Type/Nbr: | |
| Place of Iss: | | Place of Iss: | |
| Iss/Exp. Date: | | Iss/Exp. Date: | |

Signature:     Name: CLINT D. ETHINGTON

Customer Number: REDACTED     DOB: REDACTED     TIN: REDACTED
Address: REDACTED
TUCSON, AZ 85743-7638

| Primary Identification | | Secondary Identification | |
|---|---|---|---|
| Type/Nbr: | No ID Required, Current Customer/ | Type/Nbr: | |
| Place of Iss: | | Place of Iss: | |
| Iss/Exp. Date: | NA NA | Iss/Exp. Date: | |

Signature:     Name: SETH KARL HASSELL

Customer Number: REDACTED     DOB: REDACTED     TIN: REDACTED
Address: REDACTED
GILBERT, AZ 85234-0744

| Primary Identification | | Secondary Identification | |
|---|---|---|---|
| Type/Nbr: | No ID Required, Current Customer/ | Type/Nbr: | |
| Place of Iss: | | Place of Iss: | |
| Iss/Exp. Date: | NA NA | Iss/Exp. Date: | |

Attach. A Ostrum Dec. Ex. 18 at 001

Page 1 of 2

PROMISE TO PAY AND AGREEMENT TO TERMS FOR CASH RESERVE LINE OF CREDIT
"FirstBank" shall mean any subsidiary bank of FirstBank Holding Company. "Bank" shall mean the specific FirstBank where this account is maintained. I authorize the Bank to obtain a credit report and any other information it deems necessary about my creditworthiness. I agree to use any card or account offered by FirstBank only in accordance with the terms and conditions set forth in the FirstBank Cash Reserve, FirstBank Deposit Account, and the Electronic Banking agreements, receipt of which is hereby acknowledged. I agree to notify the Bank immediately in writing of any adverse change in my financial condition. I AUTHORIZE THE BANK TO AUTOMATICALLY DEDUCT THE MINIMUM PAYMENT AND FINANCE CHARGE WHICH IS DUE EACH MONTH UNDER MY CASH RESERVE LINE OF CREDIT FROM ANY OF THE DEPOSIT ACCOUNTS AT THE BANK.

SECURITY AGREEMENT. TO SECURE PAYMENT OF ALL AMOUNTS OWING AT ANY TIME UNDER THE CASH RESERVE AGREEMENT AND ANY OTHER INDEBTEDNESS TO THE BANK, I GRANT THE BANK A SECURITY INTEREST IN MY DEPOSIT ACCOUNTS AT ANY FIRSTBANK. I FURTHER AUTHORIZE THE BANK IN ITS DISCRETION TO HOLD AND APPLY FUNDS IN ANY OF MY DEPOSIT ACCOUNTS MAINTAINED AT THE BANK AGAINST ANY PRESENT OR FUTURE INDEBTEDNESS I MAY HAVE TO ANY FIRSTBANK, ANY COLLATERAL OTHER THAN MY DWELLING WHICH SECURES MY INDEBTEDNESS AT ANY FIRSTBANK WILL ALSO SECURE ALL OF MY PRESENT AND FUTURE OBLIGATIONS TO THE BANK.

| Borrower Signature | Date | | Borrower Signature | Date |
|---|---|---|---|---|

| Borrower Signature | Date |
|---|---|

**FOR BANK USE ONLY**

NOVUSOP LLC

| Customer Name | Credit Score/ChexSystems/RAS |
|---|---|

CLINT D. ETHINGTON

# REDACTED

| Customer Name | Credit Score/ChexSystems/RAS |
|---|---|

SETH KARL HASSELL

## REDACTED

| Customer Name | Credit Score/ChexSystems/RAS |
|---|---|

If substantive discrepancies are identified relating to verifying any of the information above, document what these are and the resolution/acceptance of these. If there are no discrepancies leave blank.

NOD - Will Deposit later

Officer Approval(If Required)

Kendra McWhirter
Print Officer Name

Approved at Base
Initials/Date   2 24-12

Verification of identification and information for persons who were not present at the time the account was opened.

| Customer Name | | Initials/Date |
|---|---|---|

| Customer Name | | Initials/Date |
|---|---|---|

| Customer Name | | Initials/Date |
|---|---|---|

**DEPOSIT ACCOUNT AUTHORIZATION**
**(Business Entities and Nonprofit Organizations)**

Type of Entity: (check applicable box)

☐ Partnership

    ☐ General Partnership
    ☐ Limited Partnership
    ☐ Limited Liability Partnership
    ☐ Limited Liability Limited Partnership

☐ Corporation
☒ Limited Liability Company
☐ Single Member Limited Liability Company
☐ Government Agency
☐ Nonprofit Corporation
☐ Limited Partnership Association
☐ Club or Association

Entity Name, Address, and Tax Identification Number:

NOVUSOP LLC

1918 N. HIGLEY RD
MESA, AZ 85205-3306

REDACTED

☐ Check if entity is tax exempt under IRC Section 501 (c) (3), (4) or (10).

**To: FirstBank ("Bank")**

---

**NOTICE**
THIS AUTHORIZATION WILL APPLY TO ALL DEPOSIT ACCOUNTS MAINTAINED BY THE ABOVE ENTITY AT BANK UNLESS OTHERWISE SPECIFIED IN WRITING.

---

The undersigned, who is authorized under the constituent documents of the entity designated above to enter into deposit account and banking services agreements on behalf of the entity, hereby instructs and authorizes Bank to open one or more deposit accounts in the name of the entity and to provide other services relating to such accounts. The undersigned certifies to Bank that any **one**\* of the following persons in the name of the entity has been authorized by appropriate resolution or other action of the entity to collect, discount, negotiate, endorse and assign all checks, drafts, notes, and other negotiable instruments payable to the entity and to draw, sign and deliver, in the name of the entity, checks or drafts against the funds of the entity on deposit with Bank. In addition, any **one**\* of the following persons is authorized on behalf of the entity to transact any deposit account or other business relating to all deposit accounts maintained by the entity at Bank and to enter into agreements with Bank to implement other account services, including but not limited to debit card and electronic banking services, facsimile signature authorizations and agreements, wire transfer agreements, telephone and PC banking agreements, and merchant bank card agreements. The names of the persons so authorized are:

| \*Title | Cust. Nbr. | Print Name | Signature |
|---------|-----------|------------|-----------|
| MANAGER | REDACTED | CLINT D. ETHINGTON | |
| MANAGER | REDACTED | SETH KARL HASSELL | |
| SIGNER | REDACTED | JOLYNN M ANDERSON | |

\**Identify title or status of authorized person (e.g., president, managing member, general partner, etc.)*

---

**NOTICE**
Each person signing as an authorized person consents and agrees that Bank may obtain a credit report and other information concerning such person as Bank deems appropriate.

---

The undersigned certifies that: 1) the entity has been validly formed and currently exists in good standing in accordance with applicable law; 2) the constituent documents of the entity permit the undersigned to execute this authorization on behalf of the entity; 3) this authorization will be binding upon the entity and all of the owners of the entity notwithstanding any inconsistencies in the entity's constituent documents; 4) the authority of the designated individuals to perform each and all of the powers described above shall remain in full force and effect until written revocation of such authority is delivered to Bank and noted upon the original of this document; and 5) all of the original signatures contained in this authorization are genuine in all respects. The undersigned agrees to immediately notify Bank in writing of any change in the form or legal status of the

Page 1 of 2

entity including, but not limited to, any merger, consolidation, reorganization, bankruptcy, name change, or any other proceedings affecting the entity. The undersigned acknowledges receipt of the FirstBank Deposit Account Agreement as well as the FirstBank Electronic Banking Agreement and agrees that the entity shall be bound by the terms of these documents as well as all other account rules and regulations of Bank.

Executed on: April 12, 2012

NOVUSOP LLC
Entity Name

Signature

Manager
Title

*Written approval of an officer of Bank is required if two or more persons will be required to sign or act in concert. An additional service charge may be imposed for this feature. This security feature is only available for paper-based items and checks. It will not apply to any verbal, telephonic, or electronic access to any of the deposit accounts of the entity.

Attach. A Ostrum Dec. Ex. 18 at 004

FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
www.efirstbank.com

1-0550

| ACCOUNT NUMBER | XXX-XXX-2079 |
|---|---|
| STATEMENT DATE | 1-23-2013 |
| INTEREST EARNED THIS YEAR | N/A |

NOVUSOP LLC
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

| ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING |
|---|

CLOSING BALANCE FROM PREVIOUS STATEMENT........................................ DATE:
DEPOSITS AND OTHER ADDITIONS TOTALING ....................................
CHECKS AND OTHER WITHDRAWALS TOTALING ...................................
CLOSING BALANCE FOR THIS STATEMENT ........................................ DATE: 1-23-2013      6,119.39

MINIMUM BALANCE OF        4,645.04  ON........... 1-16-2013

| CHECKS AND OTHER WITHDRAWALS      SHOWS BREAK IN CHECK NUMBER,  SHOWS NOT MACHINE READABLE |
|---|

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION...................................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 1-02 | 102.75 | MTOT DISC  BANKCARD |
| 1-03 | 41.50 | ELEC FEE   NOVUSOPLLC |
| 1-04 | 250.00 | WEBREVWFEE NMC |
| 1-04 | 4.95 | REGFEE     NMC |
| 1-16 | 198.80 | INTERNET TRANSFER #057730 TO CHECKING ACCOUNT XXX-XXX-2680 |
|  |  |        * INTER-COMPANY TRANSFER |
| 1-16 | 13.35 | 8662429933 PRISMPAY FEES |
| 1-16 | 5.89 | DISCOUNT   BANKCARD |
| 1-17 | 12.76 | DISCOUNT   BANKCARD |
| 1-18 | 20.58 | DISCOUNT   BANKCARD |
| 1-23 | 5.89 | DISCOUNT   BANKCARD |

| DEPOSITS AND OTHER ADDITIONS |
|---|

DATE..TYPE............AMOUNT    DATE..TYPE............AMOUNT    DATE..TYPE............AMOUNT

1-18 DT DEPOSIT        679.74

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE.........AMOUNT..DESCRIPTION...................................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 1-16 | 94.04 | MTOT DEP   BANKCARD |
| 1-17 | 203.74 | MTOT DEP   BANKCARD |
| 1-18 | 328.65 | MTOT DEP   BANKCARD |
| 1-22 | 95.72 | SETTLEMENT AMERICAN EXPRESS |
| 1-22 | 111.69 | SETTLEMENT AMERICAN EXPRESS |
| 1-23 | 94.04 | MTOT DEP   BANKCARD |

| DAILY BALANCE SUMMARY |
|---|

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
|  |  | 1-04 | 4,769.04 | 1-22 | 6,031.24 |
|  |  | 1-16 | 4,645.04 | 1-23 | 6,119.39 |
| 1-02 | 5,065.49 | 1-17 | 4,836.02 |  |  |
| 1-03 | 5,023.99 | 1-18 | 5,823.83 |  |  |

****** CONTINUED ON NEXT PAGE ******

| ACCOUNT NUMBER | XXX-XXX-2079 | DATE | 1-23-2013 |
|---|---|---|---|

**SPECIAL MESSAGES AND IMPORTANT NOTICES**

THE $1.00 MONTHLY FEE WILL BEGIN ON 02/24/13 FOR CARD NO. XXXX XXXX XXXX 9092 SETH HASSELL

**EARNINGS AND ACTIVITY CHARGE SUMMARY**

BALANCE INFORMATION

| | | |
|---|---|---|
| AVERAGE ACCOUNT BALANCE | | 5,117 |
| AVERAGE COLLECTED BALANCE | | 5,038 |

ACTIVITY CHARGES

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 1 | CREDIT | .30 | .30 | WAIVED |
| 2 | DEPOSITED ITEMS | .10 | .20 | WAIVED |
| 10 | ACH DEBITS | .10 | 1.00 | WAIVED |
| 7 | ACH CREDITS | .20 | 1.40 | WAIVED |
| | TOTAL ACTIVITY CHARGES | | .00 | |

**HOW ARE WE DOING?**

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!



Account:REDACTED1884 Sequence:18097860 Amount:$79.94 Date:01/18/2013 Serial:4131011 Debit/Credit:D
Trancode:0 TransactionBranch:550



Account:REDACTED1884 Sequence:18097870 Amount:$599.80 Date:01/18/2013 Serial:4133406 Debit/Credit:D
Trancode:0 TransactionBranch:550



Account:REDACTED2079 Sequence:18097880 Amount:$679.74 Date:01/18/2013 Serial:0 Debit/Credit:C
Trancode:21 TransactionBranch:550



0-0550

FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2079 |
|---|---|
| STATEMENT DATE | 2-20-2013 |
| INTEREST EARNED THIS YEAR | N/A |

NOVUSOP LLC
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

### ACCOUNT SUMMARY  -- CHECKING ACCOUNT - SAFEKEEPING

| | | |
|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT ............................ DATE: 1-23-2013 | | 6,119.39 |
| 8 DEPOSITS AND OTHER ADDITIONS TOTALING ................................. | | 862.22+ |
| 11 CHECKS AND OTHER WITHDRAWALS TOTALING ............................... | | 386.65- |
| CLOSING BALANCE FOR THIS STATEMENT ................................ DATE: 2-20-2013 | | 6,594.96 |

MINIMUM BALANCE OF          6,119.39   ON............ 1-24-2013

### CHECKS AND OTHER WITHDRAWALS          SHOWS BREAK IN CHECK NUMBER.  SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

| DATE | AMOUNT | DESCRIPTION | | CARD NBR |
|---|---|---|---|---|
| 1-25 | 7.08 | DISCOUNT | BANKCARD | |
| 2-04 | 41.50 | ELEC FEE | NOVUSOPLLC | |
| 2-04 | 32.43 | MTOT DISC | BANKCARD | |
| 2-04 | 5.89 | DISCOUNT | BANKCARD | |
| 2-04 | 5.89 | DISCOUNT | BANKCARD | |
| 2-05 | 250.00 | WEBREVWFEE | NMC | |
| 2-06 | 4.61 | DISCOUNT | BANKCARD | |
| 2-13 | 11.78 | DISCOUNT | BANKCARD | |
| 2-19 | 14.71 | 8662429933 | PRISMPAY FEES | |
| 2-19 | 6.87 | DISCOUNT | BANKCARD | |
| 2-20 | 5.89 | DISCOUNT | BANKCARD | |

### DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

| DATE | AMOUNT | DESCRIPTION | | CARD NBR |
|---|---|---|---|---|
| 1-25 | 112.99 | MTOT DEP | BANKCARD | |
| 1-28 | 95.72 | SETTLEMENT | AMERICAN EXPRESS | |
| 2-04 | 94.04 | MTOT DEP | BANKCARD | |
| 2-04 | 94.04 | MTOT DEP | BANKCARD | |
| 2-06 | 73.61 | MTOT DEP | BANKCARD | |
| 2-13 | 188.07 | MTOT DEP | BANKCARD | |
| 2-19 | 109.71 | MTOT DEP | BANKCARD | |
| 2-20 | 94.04 | MTOT DEP | BANKCARD | |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 1-24 | 6,119.39 | 2-04 | 6,423.39 | 2-13 | 6,418.68 |
| 1-25 | 6,225.30 | 2-05 | 6,173.39 | 2-19 | 6,506.81 |
| 1-28 | 6,321.02 | 2-06 | 6,242.39 | 2-20 | 6,594.96 |

### SPECIAL MESSAGES AND IMPORTANT NOTICES

Your FirstBank Business Visa Check Card provides you with a generous list of benefits
including auto rental insurance and purchase security/extended warranty protection.  For
complete benefit information and a list of restrictions, visit www.visa.com/benefits or
call 1-800-595-9928.

****** CONTINUED ON NEXT PAGE ******

| ACCOUNT NUMBER | XXX-XXX-2079 | DATE | 2-20-2013 |
|---|---|---|---|

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION
```
        AVERAGE ACCOUNT BALANCE              6,319
        AVERAGE COLLECTED BALANCE            6,319
```

ACTIVITY CHARGES
```
    NUMBER  DESCRIPTION           COST      CHARGE
        11  ACH DEBITS             .10        1.10      WAIVED
         8  ACH CREDITS            .20        1.60      WAIVED
            TOTAL ACTIVITY CHARGES             .00
```

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account: 877-933-9800**
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2079 |
|---|---|
| STATEMENT DATE | 3-21-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0550

NOVUSOP LLC
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

ACCOUNT SUMMARY  -- CHECKING ACCOUNT - SAFEKEEPING

| | | | |
|---|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: 2-20-2013 | 6,594.96 |
| 6  DEPOSITS AND OTHER ADDITIONS TOTALING | | 1,002.12+ |
| 11  CHECKS AND OTHER WITHDRAWALS TOTALING | | 411.10- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 3-21-2013 | 7,185.98 |

MINIMUM BALANCE OF        6,594.96  ON............. 2-21-2013

CHECKS AND OTHER WITHDRAWALS        SHOWS BREAK IN CHECK NUMBER,   SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

| DATE | AMOUNT | DESCRIPTION | | CARD NBR |
|---|---|---|---|---|
| 2-25 | 5.89 | DISCOUNT | BANKCARD | |
| 2-25 | 5.89 | DISCOUNT | BANKCARD | |
| 2-27 | 26.44 | DISCOUNT | BANKCARD | |
| 2-28 | 5.89 | DISCOUNT | BANKCARD | |
| 3-01 | 6.87 | DISCOUNT | BANKCARD | |
| 3-04 | 41.50 | ELEC FEE | NOVUSOPLLC | |
| 3-04 | 41.17 | MTOT DISC | BANKCARD | |
| 3-04 | 11.78 | DISCOUNT | BANKCARD | |
| 3-05 | 250.00 | WEBREVWFEE | NMC | |
| 3-18 | 14.67 | 8662429933 | PRISMPAY FEES | |
| 3-21 | 1.00 | ACTIVITY CHARGE | | |

DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

| DATE | AMOUNT | DESCRIPTION | | CARD NBR |
|---|---|---|---|---|
| 2-25 | 94.04 | MTOT DEP | BANKCARD | |
| 2-25 | 94.04 | MTOT DEP | BANKCARD | |
| 2-27 | 422.21 | MTOT DEP | BANKCARD | |
| 2-28 | 94.04 | MTOT DEP | BANKCARD | |
| 3-01 | 109.71 | MTOT DEP | BANKCARD | |
| 3-04 | 188.08 | MTOT DEP | BANKCARD | |

DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 2-21 | 6,594.96 | 2-28 | 7,255.18 | 3-05 | 7,201.65 |
| 2-25 | 6,771.26 | 3-01 | 7,358.02 | 3-18 | 7,186.98 |
| 2-27 | 7,167.03 | 3-04 | 7,451.65 | 3-21 | 7,185.98 |

SPECIAL MESSAGES AND IMPORTANT NOTICES

Effective May 1, 2013, the following fee changes will take effect: $10 for incoming wires;
$25 for outgoing domestic wires; $45 for a new 12-month Stop Payment option;
2% International Transaction fee for all foreign Debit Card, Credit Card and ATM
transactions; $10 monthly inactivity fee for Checking Accounts after 12 months of
inactivity if account balance is less than $1,000; and a $20 quarterly inactivity fee for
Savings Accounts after 12 months of inactivity if the account balance is less than $1,000.

****** CONTINUED ON NEXT PAGE ******

Attach. A Ostrum Dec. Ex. 18 at 010

| ACCOUNT NUMBER | XXX-XXX-2079 | DATE | 3-21-2013 |
|---|---|---|---|

The following fee changes will also be in effect for all business customers: $2 per month Business Visa Debit Card Fee; $10 for Internet Cash Management (ICM) outgoing domestic wires; $20 for ICM outgoing foreign wires; and $5 monthly fee for Business Regular Savings Accounts if the balance falls below $300.

The following fee changes will apply to Business Checking Accounts with over 150 items and Regular Checking Accounts: $12 monthly maintenance fee, $0.20 for paper debits, and $0.15 for ACH debits.

In addition, the interest bearing Business Money Market Checking Account will be made available to all business types. The account will include 150 free items per statement cycle (any item over 150 will be assessed a $0.50 fee) and will be assessed a $15 monthly maintenace fee if the balance falls below $5,000. Interest rates will be subject to change every Wednesday and the first business day of the month. Rates can be found at efirstbank.com or at your branch location. Current Business Money Market Checking Accounts will be converted to the new structure, but can be converted to other available accounts by calling FirstBank's Business Services department at 877-249-9980.

## EARNINGS AND ACTIVITY CHARGE SUMMARY

**BALANCE INFORMATION**

| | | | | |
|---|---|---|---|---|
| AVERAGE ACCOUNT BALANCE | | | 7,111 | |
| AVERAGE COLLECTED BALANCE | | | 7,111 | |

**ACTIVITY CHARGES**

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 10 | ACH DEBITS | .10 | 1.00 | WAIVED |
| 6 | ACH CREDITS | .20 | 1.20 | WAIVED |
| 1 | FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 | |
| | TOTAL ACTIVITY CHARGES | | 1.00 | |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account: 877-933-9800**
www.efirstbank.com

| ACCOUNT NUMBER | XXX-XXX-2079 |
|---|---|
| STATEMENT DATE | 4-22-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0550

NOVUSOP LLC
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

### ACCOUNT SUMMARY  -- CHECKING ACCOUNT - SAFEKEEPING

| | | |
|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: 3-21-2013 | 7,185.98 |
| 1 DEPOSITS AND OTHER ADDITIONS TOTALING | | 500.00+ |
| 9 CHECKS AND OTHER WITHDRAWALS TOTALING | | 7,516.71- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 4-22-2013 | 169.27 |

MINIMUM BALANCE OF          149.26- ON............ 4-03-2013

### CHECKS AND OTHER WITHDRAWALS          SHOWS BREAK IN CHECK NUMBER,   SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

| DATE | AMOUNT | DESCRIPTION | CARD NBR |
|---|---|---|---|
| 3-27 | 7,000.00 | INTERNET TRANSFER #097852 TO CHECKING ACCOUNT XXX-XXX-2664 | |
| | | * INTER-COMPANY TRANSFER | |
| 4-02 | 41.50 | ELEC FEE    NOVUSOPLLC | |
| 4-02 | 9.74 | MTOT DISC  BANKCARD | |
| 4-03 | 250.00 | WEBREVWFEE NMC | |
| 4-03 | 34.00 | NON-SUFFICIENT FUNDS PAID ITEM FEE FOR | |
| | | WEBREVWFEE NMC | |
| 4-16 | 13.07 | 866242933 PRISMPAY FEES | |
| 4-17 | 142.40 | INTERNET TRANSFER #052472 TO CHECKING ACCOUNT XXX-XXX-2680 | |
| | | * INTER-COMPANY TRANSFER | |
| 4-22 | 25.00 | FEE FOR  5 DAYS OVERDRAWN, AT $5 A DAY | |
| 4-22 | 1.00 | ACTIVITY CHARGE | |

### DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

| DATE | AMOUNT | DESCRIPTION | CARD NBR |
|---|---|---|---|
| 4-10 | 500.00 | INTERNET TRANSFER #070832 FROM CHECKING ACCOUNT XXX-XXX-2680 | |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 3-22 | 7,185.98 | 4-03 | 149.26- | 4-17 | 195.27 |
| 3-27 | 185.98 | 4-10 | 350.74 | 4-22 | 169.27 |
| 4-02 | 134.74 | 4-16 | 337.67 | | |

****** CONTINUED ON NEXT PAGE ******

| ACCOUNT NUMBER | XXX-XXX-2079 | DATE | 4-22-2013 |
|---|---|---|---|

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION

| | | |
|---|---|---|
| AVERAGE ACCOUNT BALANCE | | 1,241 |
| AVERAGE COLLECTED BALANCE | | 1,241 |

ACTIVITY CHARGES

| NUMBER DESCRIPTION | COST | CHARGE | |
|---|---|---|---|
| 4 ACH DEBITS | .10 | .40 | |
| 1 FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 | WAIVED |
| TOTAL ACTIVITY CHARGES | | 1.00 | |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!

FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account: 877-933-9800**
**www.efirstbank.com**



| | |
|---|---|
| ACCOUNT NUMBER | XXX-XXX-2079 |
| STATEMENT DATE | 6-20-2013 |
| INTEREST EARNED THIS YEAR | N/A |

1-0550

NOVUSOP LLC
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

## ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING

| | | |
|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: 5-21-2013 | 113.66 |
| 1 DEPOSITS AND OTHER ADDITIONS TOTALING | | 279.84+ |
| 3 CHECKS AND OTHER WITHDRAWALS TOTALING | | 56.57- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 6-20-2013 | 336.93 |

MINIMUM BALANCE OF 113.66 ON 5-22-2013

## CHECKS AND OTHER WITHDRAWALS      SHOWS BREAK IN CHECK NUMBER,   SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION................................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 6-04 | 41.50 | ELEC FEE   NOVUSOPLLC |
| 6-18 | 13.07 | 8662429933 PRISMPAY FEES |
| 6-20 | 2.00 | ACTIVITY CHARGE |

## DEPOSITS AND OTHER ADDITIONS

DATE..TYPE............AMOUNT   DATE..TYPE............AMOUNT   DATE..TYPE............AMOUNT

6-04 DT DEPOSIT     279.84

## DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 5-22 | 113.66 | 6-18 | 338.93 | | |
| 6-04 | 352.00 | 6-20 | 336.93 | | |

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION
| | |
|---|---|
| AVERAGE ACCOUNT BALANCE | 247 |
| AVERAGE COLLECTED BALANCE | 238 |

ACTIVITY CHARGES
| NUMBER DESCRIPTION | COST | CHARGE | |
|---|---|---|---|
| 1 CREDIT | .30 | .30 | WAIVED |
| 3 DEPOSITED ITEMS | .10 | .30 | WAIVED |
| 2 ACH DEBITS | .15 | .30 | WAIVED |
| 1 FIRSTBANK BUSINESS VISA CARD | 2.00 | 2.00 | |
| TOTAL ACTIVITY CHARGES | | 2.00 | |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!



Account:REDACTED1884 Sequence:13742710 Amount:$139.92 Date:06/04/2013 Serial:4142197 Debit/Credit:D

Trancode:0 TransactionBranch:550



Account:REDACTED1884 Sequence:13742720 Amount:$79.94 Date:06/04/2013 Serial:4144336 Debit/Credit:D

Trancode:0 TransactionBranch:550



Account:REDACTED1884 Sequence:13742730 Amount:$59.98 Date:06/04/2013 Serial:4146597 Debit/Credit:D

Trancode:0 TransactionBranch:550



Account:REDACTED2079 Sequence:13742740 Amount:$279.84 Date:06/04/2013 Serial:0 Debit/Credit:C

Trancode:21 TransactionBranch:550

# Exhibit 19

DIET REDI, LLC

Deposit Account Name (Last Name, First, M.I.)
REDACTED
-2400

Account Number

Account Category: Comm/Non Pers          Ownership: Comm/Other          No. of Signers Required: ONE

Open Date: 04/16/2012          Closed Date: _____

UNLESS OTHERWISE INDICATED ABOVE, WE (THE BANK) MAY RECOGNIZE ANY **ONE** OF THE SIGNATURES BELOW AS AUTHORITY TO PAY FUNDS OR TRANSACT ANY BUSINESS FOR THIS ACCOUNT BY SIGNING THE FORM, YOU (ALL ACCOUNT HOLDERS) ACKNOWLEDGE RECEIPT OF COPIES OF THE FIRSTBANK DEPOSIT ACCOUNT AGREEMENT AND ELECTRONIC BANKING AGREEMENT AND AGREE TO BE BOUND BY THEIR TERMS AS WELL AS ALL OTHER ACCOUNT RULES AND REGULATIONS OF THE BANK. YOU AUTHORIZE THE BANK TO ISSUE AN AUTOMATED BANKING CARD AND PERSONAL IDENTIFICATION NUMBER.

**CERTIFICATION:** UNDER PENALTIES, MY SIGNATURE (INCLUDES ALL INDIVIDUAL OR AUTHORIZED PERSONS SIGNING BELOW) ON THIS ACCOUNT SIGNATURE FORM CERTIFIES THAT THE NUMBER SHOWN ON THIS FORM IS MY CORRECT TAXPAYER IDENTIFICATION NUMBER (TIN) AND I AM NOT SUBJECT TO BACKUP WITHHOLDING BECAUSE (1) I AM EXEMPT FROM BACKUP WITHHOLDING, (2) I HAVE NOT BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE (IRS) THAT I AM SUBJECT TO BACKUP WITHHOLDING AS A RESULT OF A FAILURE TO REPORT ALL INTEREST OR DIVIDENDS, OR (3) THE IRS HAS NOTIFIED THAT I AM NO LONGER SUBJECT TO BACKUP WITHHOLDING. **CERTIFICATION** IS REQUIRED BY THE IRS. THE IRS DOES NOT REQUIRE YOUR CONSENT TO ANY PROVISIONS ON THIS DOCUMENT OTHER THAN THE CERTIFICATIONS REQUIRED TO AVOID BACKUP WITHHOLDING.

Signature: _____          Name: DIET REDI, LLC

Customer Number: REDACTED          DOB: _____          TIN REDACTED

Address: 1918 N HIGLEY RD
MESA, AZ 85205

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: | Iss/Exp. Date: |

Signature: _____          Name: CLINT D. ETHINGTON

Customer Number: REDACTED          DOB: REDACTED   TIN: REDACTED
Address: REDACTED
TUCSON, AZ 85743-7638

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: No ID Required, Current Customer/ | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: NA NA | Iss/Exp. Date: |

Signature: _____          Name: SETH KARL HASSELL

Customer Number: REDACTED          DOB: REDACTED   TIN: REDACTED
Address: REDACTED
GILBERT, AZ 85234-0744

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: No ID Required, Current Customer/ | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: NA NA | Iss/Exp. Date: |

Signature: _____          Name: JOLYNN M. ANDERSON

Customer Number: REDACTED          DOB: REDACTED   TIN: REDACTED
Address: REDACTED
MESA, AZ 85209

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: No ID Required, Current Customer/ | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: NA NA | Iss/Exp. Date: |

Attach. A Ostrum Dec. Ex. 19 at 001

Page 1 of 2

PROMISE TO PAY AND AGREEMENT TO TERMS FOR CASH RESERVE LINE OF CREDIT

"FirstBank" shall mean any subsidiary bank of FirstBank Holding Company. "Bank" shall mean the specific FirstBank where this account is maintained. I authorize the Bank to obtain a credit report and any other information it deems necessary about my creditworthiness. I agree to use any card or account offered by FirstBank only in accordance with the terms and conditions set forth in the FirstBank Cash Reserve, FirstBank Deposit Account, and the Electronic Banking agreements, receipt of which is hereby acknowledged. I agree to notify the Bank immediately in writing of any adverse change in my financial condition. I AUTHORIZE THE BANK TO AUTOMATICALLY DEDUCT THE MINIMUM PAYMENT AND FINANCE CHARGE WHICH IS DUE EACH MONTH UNDER MY CASH RESERVE LINE OF CREDIT FROM ANY OF THE DEPOSIT ACCOUNTS AT THE BANK.

SECURITY AGREEMENT. TO SECURE PAYMENT OF ALL AMOUNTS OWING AT ANY TIME UNDER THE CASH RESERVE AGREEMENT AND ANY OTHER INDEBTEDNESS TO THE BANK, I GRANT THE BANK A SECURITY INTEREST IN MY DEPOSIT ACCOUNTS AT ANY FIRSTBANK. I FURTHER AUTHORIZE THE BANK IN ITS DISCRETION TO HOLD AND APPLY FUNDS IN ANY OF MY DEPOSIT ACCOUNTS MAINTAINED AT THE BANK AGAINST ANY PRESENT OR FUTURE INDEBTEDNESS I MAY HAVE TO ANY FIRSTBANK, ANY COLLATERAL OTHER THAN MY DWELLING WHICH SECURES MY INDEBTEDNESS AT ANY FIRSTBANK WILL ALSO SECURE ALL OF MY PRESENT AND FUTURE OBLIGATIONS TO THE BANK.

| Borrower Signature | Date | | Borrower Signature | Date |
|---|---|---|---|---|

| Borrower Signature | Date | | Borrower Signature | Date |
|---|---|---|---|---|

**FOR BANK USE ONLY**

DIET REDI, LLC                                    R

Customer Name          Credit Score/ChexSystems/RAS

SETH KARL HASSELL      REDACTED

Customer Name          Credit Score/ChexSystems/RAS

CLINT D. ETHINGTON                REDACTED

Customer Name          Credit Score/ChexSystems/RAS

JOLYNN M. ANDERSON                REDACTED

Customer Name          Credit Score/ChexSystems/RAS

If substantive discrepancies are identified relating to verifying any of the information above, document what these are and the resolution/acceptance of these. If there are no discrepancies leave blank.

Officer Approval(If Required)

Print Officer Name                          Initials/Date

Verification of identification and information for persons who were not present at the time the account was opened.

Customer Name                               Initials/Date

Customer Name                               Initials/Date

Customer Name                               Initials/Date

## DEPOSIT ACCOUNT AUTHORIZATION
### (Business Entities and Nonprofit Organizations)

Type of Entity: (check applicable box)

- ☐ Partnership
    - ☐ General Partnership
    - ☐ Limited Partnership
    - ☐ Limited Liability Partnership
    - ☐ Limited Liability Limited Partnership
- ☐ Corporation
- ☒ Limited Liability Company
- ☐ Single Member Limited Liability Company
- ☐ Government Agency
- ☐ Nonprofit Corporation
- ☐ Limited Partnership Association
- ☐ Club or Association

Entity Name, Address, and Tax Identification Number:

DIET REDI, LLC

1918 N HIGLEY RD
MESA, AZ 85205

REDACTED

☐ Check if entity is tax exempt under IRC Section 501 (c) (3), (4) or (10).

**To: FirstBank ("Bank")**

> **NOTICE**
> THIS AUTHORIZATION WILL APPLY TO ALL DEPOSIT ACCOUNTS MAINTAINED BY THE ABOVE ENTITY AT BANK UNLESS OTHERWISE SPECIFIED IN WRITING.

The undersigned, who is authorized under the constituent documents of the entity designated above to enter into deposit account and banking services agreements on behalf of the entity, hereby instructs and authorizes Bank to open one or more deposit accounts in the name of the entity and to provide other services relating to such accounts. The undersigned certifies to Bank that any **one\*** of the following persons in the name of the entity has been authorized by appropriate resolution or other action of the entity to collect, discount, negotiate, endorse and assign all checks, drafts, notes, and other negotiable instruments payable to the entity and to draw, sign and deliver, in the name of the entity, checks or drafts against the funds of the entity on deposit with Bank. In addition, any **one\*** of the following persons is authorized on behalf of the entity to transact any deposit account or other business relating to all deposit accounts maintained by the entity at Bank and to enter into agreements with Bank to implement other account services, including but not limited to debit card and electronic banking services, facsimile signature authorizations and agreements, wire transfer agreements, telephone and PC banking agreements, and merchant bank card agreements. The names of the persons so authorized are:

| *Title | Cust. Nbr. | Print Name | Signature |
|--------|-----------|------------|-----------|
| MEMBER | REDACTED | CLINT D. ETHINGTON | |
| MEMBER | REDACTED | SETH KARL HASSELL | |
| BOOKKEEPER | REDACTED | JOLYNN M. ANDERSON | |

**\*Identify title or status of authorized person (e.g., president, managing member, general partner, etc.)**

> **NOTICE**
> Each person signing as an authorized person consents and agrees that Bank may obtain a credit report and other information concerning such person as Bank deems appropriate.

The undersigned certifies that: 1) the entity has been validly formed and currently exists in good standing in accordance with applicable law; 2) the constituent documents of the entity permit the undersigned to execute this authorization on behalf of the entity; 3) this authorization will be binding upon the entity and all of the owners of the entity notwithstanding any inconsistencies in the entity's constituent documents; 4) the authority of the designated individuals to perform each and all of the powers described above shall remain in full force and effect until written revocation of such authority is delivered to Bank and noted upon the original of this document; and 5) all of the original signatures contained in this authorization are genuine in all respects. The undersigned agrees to immediately notify Bank in writing of any change in the form or legal status of the

Page 1 of 2

entity including, but not limited to, any merger, consolidation, reorganization, bankruptcy, name change, or any other proceedings affecting the entity. The undersigned acknowledges receipt of the FirstBank Deposit Account Agreement as well as the FirstBank Electronic Banking Agreement and agrees that the entity shall be bound by the terms of these documents as well as all other account rules and regulations of Bank.

Executed on: April 16, 2012

DIET REDI, LLC
_____
Entity Name

_____
Signature

member
_____
Title

*Written approval of an officer of Bank is required if two or more persons will be required to sign or act in concert. An additional service charge may be imposed for this feature. This security feature is only available for paper-based items and checks. It will not apply to any verbal, telephonic, or electronic access to any of the deposit accounts of the entity.

Attach. A Ostrum Dec. Ex. 19 at 004



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2400 |
|---|---|
| STATEMENT DATE | 4-30-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0697

DIET REDI, LLC
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

### ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING

CLOSING BALANCE FROM PREVIOUS STATEMENT ................................. DATE: 3-29-2013    87.45
   0 DEPOSITS AND OTHER ADDITIONS TOTALING ............................................. .00+
   2 CHECKS AND OTHER WITHDRAWALS TOTALING .......................................... 8.95-
CLOSING BALANCE FOR THIS STATEMENT ................................. DATE: 4-30-2013    78.50

     MINIMUM BALANCE OF      78.50    ON............ 4-30-2013

### CHECKS AND OTHER WITHDRAWALS      SHOWS BREAK IN CHECK NUMBER,    SHOWS NOT MACHINE READABLE

   NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION...............................................CARD NBR

   4-03         7.95    COLLECTION AMERICAN EXPRESS
   4-30         1.00    ACTIVITY CHARGE

### DEPOSITS AND OTHER ADDITIONS

   NO DEPOSITS THIS CYCLE

### DAILY BALANCE SUMMARY

| DATE..........BALANCE | DATE..........BALANCE | DATE..........BALANCE |
|---|---|---|
| 4-01    87.45 | 4-03    79.50 | 4-30    78.50 |

### EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION
   AVERAGE ACCOUNT BALANCE              80
   AVERAGE COLLECTED BALANCE            80

ACTIVITY CHARGES

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 1 | ACH DEBIT | .10 | .10 | WAIVED |
| 1 | FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 | |
| | TOTAL ACTIVITY CHARGES | | 1.00 | |

### HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!

Attach. A Ostrum Dec. Ex. 19 at 005



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
www.efirstbank.com

| ACCOUNT NUMBER | XXX-XXX-2400 |
|---|---|
| STATEMENT DATE | 6-28-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0697

DIET REDI, LLC
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

### ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING

CLOSING BALANCE FROM PREVIOUS STATEMENT ........................ DATE: 5-31-2013    68.55
   0 DEPOSITS AND OTHER ADDITIONS TOTALING ......................................... .00+
   2 CHECKS AND OTHER WITHDRAWALS TOTALING ................................... 9.95-
CLOSING BALANCE FOR THIS STATEMENT .................................. DATE: 6-28-2013    58.60

MINIMUM BALANCE OF     58.60   ON............. 6-28-2013

### CHECKS AND OTHER WITHDRAWALS     SHOWS BREAK IN CHECK NUMBER,    SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION...............................................CARD NBR

| 6-04 | 7.95 | COLLECTION AMERICAN EXPRESS |
| 6-28 | 2.00 | ACTIVITY CHARGE |

### DEPOSITS AND OTHER ADDITIONS

NO DEPOSITS THIS CYCLE

### DAILY BALANCE SUMMARY

| DATE..........BALANCE | DATE...........BALANCE | DATE..........BALANCE |
|---|---|---|
| 6-03    68.55 | 6-04    60.60 | 6-28    58.60 |

### EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION
   AVERAGE ACCOUNT BALANCE         61
   AVERAGE COLLECTED BALANCE       61

| ACTIVITY CHARGES | | | |
|---|---|---|---|
| NUMBER DESCRIPTION | COST | CHARGE | |
| 1 ACH DEBIT | .15 | .15 | WAIVED |
| 1 FIRSTBANK BUSINESS VISA CARD | 2.00 | 2.00 | |
| TOTAL ACTIVITY CHARGES | | 2.00 | |

### HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!

# Exhibit 20

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Federal Trade Commission | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:14-CV-00015-NVW |
| HCG Diet Direct, LLC, and Clint Ethington | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          First Bank, ATTN: Fraud Department
             12345 W. Colfax Ave., Lakewood, CO  80215

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A attached

| Place: U.S. Attorney's Office, ATTN: Hetal Doshi<br>1225 17th Street, Suite 700<br>Denver, CO  80202 | Date and Time:<br>May 29, 2015, 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     5/13/2015

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Federal Trade Commission _____ , who issues or requests this subpoena, are:

Korin Ewing Felix, 600 Pennsylvania Ave NW, CC-9528, Wash. DC 20580; kfelix@ftc.gov; 202-326-3556

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:14-CV-00015-NVW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**I.  DEFINITIONS**

A.  "**And,**" as well as "**or,**" shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

B.  "**Any**" shall be construed to include "**all,**" and "**all**" shall be construed to include the word "**any.**"

C.  "**Company**" shall mean First Bank, its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

D.  "**Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label.  **"Document" shall also include all documents, materials, and information, including Electronically Stored Information, within the meaning of the Federal Rules of Civil Procedure.**

E.  "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each.**"

F.  "**Electronically Stored Information**" or "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.  This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

1

G.   **"FTC"** or **"Commission"** shall mean the Federal Trade Commission.

H.   **"Identify"** or **"the identity of"** shall be construed to require identification of (a) natural persons by name, title, present business affiliation, present business address and telephone number, or if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, identities of natural persons who are officers, directors or managers of the business or organization, and contact persons, where applicable.

I.   **"Referring to"** or **"relating to"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

J.   **"Subpoena"** shall mean the Subpoena issued to the Company, including this attached Schedule.

K.   **"You"** and **"your"** shall mean First Bank (the "Company") and includes its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

## II.   INSTRUCTIONS

A.   **Sharing of Information**:  The Commission often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies. The Commission may make information supplied by you available to such agencies where appropriate pursuant to the Federal Trade Commission Act and 16 C.F.R. § 4.11 (c) and (j).  Information you provide may be used in any federal, state, or foreign civil or criminal proceeding by the Commission or other agencies.

B.   **Document Retention**:  You shall retain all documentary materials used in the preparation of responses to the specifications of this Subpoena.  The Commission may require the submission of additional documents at a later time.  <u>Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents</u> that are in any way relevant to this document request, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise.  *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

C.   **Scope of Search**:  This Subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but

2

not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

D.    **Applicable time period**:  Unless otherwise directed in the specifications, the applicable time period for the request shall be from **January 1, 2013 until August 31, 2013**.

E.    **Document Production:**  In lieu of producing the documents at the location specified on the Subpoena, you may elect to send all responsive documents to:

**Gina Pickerrell, Investigator**
**Federal Trade Commission**
**600 Pennsylvania Ave., NW**
**Mailstop CC-9528**
**Washington DC 20580**

Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by mail or telephone to Korin Ewing Felix at (202) 326-3556 at least five days prior to the return date.

F.    **Document Identification**:  Documents that may be responsive to more than one specification of this Subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive.  If any documents responsive to this Subpoena have been previously supplied to the Commission, you may comply with this Subpoena by identifying the document(s) previously provided and the date of submission.  Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came.  In addition, number by page (or file, for those documents produced in native electronic format) all documents in your submission, preferably with a unique Bates identifier, and indicate the total number of documents in your submission.

G.    **Production of Copies**:  Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this Subpoena.  Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be

3

necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request. Copies of marketing materials and advertisements shall be produced in color, and copies of other materials shall be produced in color if necessary to interpret them or render them intelligible.

H. **Electronic Submission of Documents**: The following guidelines refer to the production of any Electronically Stored Information ("ESI") or digitally imaged hard copy documents. Before submitting any electronic production, you must confirm with the Commission counsel named above that the proposed formats and media types will be acceptable to the Commission. The FTC requests Concordance load-ready electronic productions, including DAT and OPT load files.

1. **Electronically Stored Information**: Documents created, utilized, or maintained in electronic format in the ordinary course of business should be delivered to the FTC as follows:

a. Spreadsheet and presentation programs, including but not limited to Microsoft Access, SQL, and other databases, as well as Microsoft Excel and PowerPoint files, must be produced in native format with extracted text and metadata. Data compilations in Excel spreadsheets, or in delimited text formats, must contain all underlying data un-redacted with all underlying formulas and algorithms intact. All database productions (including structured data document systems) must include a database schema that defines the tables, fields, relationships, views, indexes, packages, procedures, functions, queues, triggers, types, sequences, materialized views, synonyms, database links, directories, Java, XML schemas, and other elements, including the use of any report writers and custom user data interfaces;

b. All ESI other than those documents described in (1)(a) above must be provided in native electronic format with extracted text or Optical Character Recognition (OCR) and all related metadata, and with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF) or as color JPEG images (where color is necessary to interpret the contents);

c. Each electronic file should be assigned a unique document identifier ("DocID") or Bates reference.

2. **Hard Copy Documents:** Documents stored in hard copy in the ordinary course of business should be submitted in an electronic format when at all possible. These documents should be true, correct, and complete copies of the original documents as converted to TIFF (or color JPEG) images with

4

corresponding document-level OCR text. Such a production is subject to the following requirements:

a. Each page shall be endorsed with a document identification number (which can be a Bates number or a document control number); and

b. Logical document determination should be clearly rendered in the accompanying load file and should correspond to that of the original document; and

c. Documents shall be produced in color where necessary to interpret them or render them intelligible;

3. For each document electronically submitted to the FTC, You should include the following metadata fields in a standard ASCII delimited Concordance DAT file:

a. **For electronic mail**: begin Bates or unique document identification number ("DocID"), end Bates or DocID, mail folder path (location of email in personal folders, subfolders, deleted or sent items), custodian, from, to, cc, bcc, subject, date and time sent, date and time received, and complete attachment identification, including the Bates or DocID of the attachments (AttachIDs) delimited by a semicolon, MD5 or SHA Hash value, and link to native file;

b. **For email attachments**: begin Bates or DocID, end Bates or DocID, parent email ID (Bates or DocID), page count, custodian, source location/file path, file name, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

c. **For loose electronic documents (as retrieved directly from network file stores, hard drives, etc.)**: begin Bates or DocID, end Bates or DocID, page count, custodian, source media, file path, filename, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

d. **For imaged hard copy documents**: begin Bates or DocID, end Bates or DocID, page count, source, and custodian; and where applicable, file folder name, binder name, attachment range, or other such references, as necessary to understand the context of the document as maintained in the ordinary course of business.

5

4.     If you intend to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in Your computer systems or electronic storage media, or if Your computer systems contain or utilize such software, You must contact the Commission counsel named above to determine whether and in what manner You may use such software or services when producing materials in response to this Subpoena.

5.     Submit electronic productions as follows:

   a.     With passwords or other document-level encryption removed or otherwise provided to the FTC;

   b.     As uncompressed electronic volumes on size-appropriate, Windows-compatible, media;

   c.     All electronic media shall be scanned for and free of viruses;

   d.     Data encryption tools may be employed to protect privileged or other personal or private information. The FTC accepts TrueCrypt, PGP, and SecureZip encrypted media. The passwords should be provided in advance of delivery, under separate cover. Alternate means of encryption should be discussed and approved by the FTC.

   e.     Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

6.     All electronic files and images shall be accompanied by a production transmittal letter which includes:

   a.     A summary of the number of records and all underlying images, emails, and associated attachments, native files, and databases in the production; and

   b.     An index that identifies the corresponding consecutive document identification number(s) used to identify each person's documents and, if submitted in paper form, the box number containing such documents. If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that the Commission counsel named above determines prior to submission that the machine- readable form would be in a

6

format that allows the agency to use the computer files). The Commission counsel named above will provide a sample index upon request.

**A Bureau of Consumer Protection Production Guide is available upon request from the Commission counsel named above. This guide provides detailed directions on how to fully comply with this instruction.**

I.  **Sensitive Personally Identifiable Information**: If any material called for by these requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production If that information will not be redacted, contact us to discuss encrypting any electronic copies of such material with encryption software such as SecureZip and provide the encryption key in a separate communication.

For purposes of these requests, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth; Social Security number; driver's license number or other state identification number or a foreign country equivalent; passport number; financial account number; credit card number; or debit card number. Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

J.  **Certification of Records of Regularly Conducted Activity**: Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena the Company to testify at future proceedings in order to establish the admissibility of documents produced in response to this Subpoena. You are asked to execute this Certification and provide it with your response.

K.  **Right to Financial Privacy Act**: The documents demanded by this Subpoena exclude any materials for which prior customer notice is required under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401, et seq.

   a.  The RFPA, 12 U.S.C. § 3401(5), defines "customer" as any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name.

   b.  The RFPA, 12 U.S.C. § 3401(4), defines "person" as an individual or a partnership of five or fewer individuals.

7

c. The records demanded herein relate to either (a) an account or accounts at the Company in the name of a corporation or other entity that is not an individual or partnership of five or fewer individuals; or (b) an account or accounts at the Company in the name of a person associated with a financial transaction or class of financial transactions, in which case this CID demands only that information which may be disclosed without notice pursuant to the RFPA, 12 U.S.C. § 3413(g).

L. **Right to Financial Privacy Act - Certificate of Compliance:** You should produce the responsive information and materials only after receiving a Certificate of Compliance with the Right to Financial Privacy Act, 12 U.S.C. §§ 3401, et seq., from Commission staff.

M. **Exclusion of Suspicious Activity Reports**: The documents demanded by this Subpoena exclude Suspicious Activity Reports, which should not be produced.

## III.    SPECIFICATIONS

**This subpoena supplements the subpoena served on First Bank on April 6, 2015. Please do not produce documents previously produced in response to that subpoena. If you have questions regarding this supplemental subpoena, please contact FTC staff attorney Korin Ewing Felix at (202) 326-3556.**

1. **"Corporate Accounts"** shall mean:

   1) Accounts in the name of, with an authorized signatory of, or relating to:

      i. Easy Payment Services, LLC or Easy Payment Services LLC;

      ii. Ethington Management, Inc. or Ethington Management Inc.;

      iii. HCG Diet Direct, LLC or HCG Diet Direct LLC;

      iv. Optimize, LLC or Optimize LLC;

      v. Growth Hormones Direct, LLC or Growth Hormones Direct LLC;

      vi. NovusOP, LLC or NovusOP LLC;

      vii. Prescription HCG, LLC or Prescription HCG LLC;

      viii. DietRedi, LLC or DietRedi LLC; or

      ix. PRE Properties, LLC or PRE Properties LLC.

Attach. A Ostrum Dec. Ex. 20 at 011

2) Accounts in the name of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the RFPA, to which any of the following individuals are signatories, members, or managers:

   i. Clint D. Ethington

   ii. Lauren Ethington

   iii. Seth Hassell

   iv. Jolynn M. Anderson

A. Produce any and all documents relating to each **Corporate Account**, including, but not limited to, the following:

   1) Account number;

   2) Type of account;

   3) Signature cards, corporate resolutions, and all other documents regarding signatories on the account;

   4) All other documents relating to the opening of the account;

   5) Copies of monthly or periodic bank statements;

   6) Copies of checks, drafts, wire transfers, ACH transfers, and other debit instruments, including any agreements and instructions regarding such debit instruments;

   7) Copies of all deposit tickets, credits and wire transfers, ACH transfers, and other deposit instruments, including any agreements and instructions regarding such credit instruments.

B. Produce any and all documents relating to any credit cards, lines of equity, or other extensions of credit opened by or for one of the **Corporate Accounts or the entities holding such Corporate Accounts, including those listed in Specification 1.1) above**, including, but not limited to, copies of monthly or periodic statements.

2. **Additional Accounts**: The following accounts received funds from the accounts previously identified by First Bank in response to the April 6, 2015 subpoena in this matter:

   1) First Bank account number \*\*\*\*\*\*\*\*2370, which received $5,000.00 from the Optimize account, \*\*\*\*\*\*\*\*2664, on 4/24/2013;

9

2) First Bank account number ********2508, which received $40.84 from the Optimize account, ********2664, on 2/19/2013;

3) First Bank account number ********2656, which received $8,500.00 the Optimize account, ********2664, on 2/15/2013;

4) First Bank account number ********2672, which received $3,000.00 from the Optimize account ,********2664, on 2/11/2013; and

5) First Bank account number ********3041, which received $10,000 from the Optimize account, ********2664, on 5/8/2013.

A. If these **Additional Accounts** are accounts of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the RFPA, produce any and all documents relating to each account, including, but not limited to, the following:

    i. Account number;

    ii. Type of account;

    iii. Signature cards, corporate resolutions, and all other documents regarding signatories on the account;

    iv. All other documents relating to the opening of the account;

    v. Copies of monthly or periodic bank statements;

    vi. Copies of checks, drafts, wire transfers, ACH transfers, and other debit instruments, including any agreements and instructions regarding such debit instruments;

    vii. Copies of all deposit tickets, credits and wire transfers, ACH transfers, and other deposit instruments, including any agreements and instructions regarding such credit instruments;

    viii. Any and all documents relating to any credit cards, lines of equity, or other extensions of credit opened by or for one of the **Additional Accounts or the entities holding such Additional Accounts**, including, but not limited to, copies of monthly or periodic statements.

B. If these **Additional Accounts** are **personal accounts** or otherwise **not** accounts of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the RFPA, produce **only** the following information:

Attach. A Ostrum Dec. Ex. 20 at 013

1) Account holder's name;

2) Account holder's address(es);

3) All account numbers held by the account holder; and

4) Type(s) of accounts held by the account holder.

**NOTE:** **The documents demanded by this CID exclude any information for which prior customer notice is required under to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401, et seq. Specification 1 seeks documents related to accounts titled in the names of corporations and other entities that are not identified with or identifiable as being derived from the financial records of a particular "person" as the term "person" is defined in the RFPA. Specification 2 is issued in conformance with the RFPA and, to the extent the accounts are not titled in the names of corporations and other entities that are not identified with or identifiable as being derived from the financial records of a particular "person" as the term "person" is defined in the RFPA, seeks only to obtain information permitted by Section 3413(g) of the RFPA, 12 U.S.C. § 3413(g). Documents produced should not contain any additional information. If you have any questions about these requests, please contact FTC staff attorney Korin Ewing Felix at (202) 326-3556 before providing responsive documents.**

Attach. A Ostrum Dec. Ex. 20 at 014

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY
### Pursuant to 28 U.S.C. § 1746

1.   I, _____, have personal knowledge of the facts set forth below

      and am competent to testify as follows:

2.   I have authority to certify the authenticity of the records produced by First Bank and

      attached hereto.

3.   The documents produced and attached hereto by First Bank are originals or true copies of

      records of regularly conducted activity that:

    a)   Were made at or near the time of the occurrence of the matters set forth by, or

        from information transmitted by, a person with knowledge of those matters;

    b)   Were kept in the course of the regularly conducted activity of First Bank; and

    c)   Were made by the regularly conducted activity as a regular practice of First Bank.


I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2015.


_____
Signature

Attach. A Ostrum Dec. Ex. 20 at 015

## CERTIFICATE OF COMPLIANCE

This certifies that the provisions of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401, et seq., have been complied with as to the attached Subpoena for financial records directed to First Bank. Information obtained pursuant to this Subopena is subject to 12 U.S.C. § 3413(g).

Under the RFPA, good faith reliance on this certificate relieves the recipient and its employees and agents of any liability to customers in connection with the requested disclosures of financial records of those customers. *See* 12 U.S.C. § 3417(c).

_____
James A. Kohm
Associate Director
Division of Enforcement

_____
Date

13

CERTIFICATE OF SERVICE

I, Korin Ewing Felix, an attorney, hereby certify that on May 14, 2015, I caused to be served true and correct copies of the Subpoena for Documents directed to First Bank by email to:

James R. Prochnow
Greenberg Traurig, LLP
The Tabor Center
1200 17th Street
Suite 2400
Denver, CO 80202
prochnowj@gtlaw.com


_/s/ Korin Ewing Felix_____
Korin Ewing Felix
Attorney for Plaintiff
Federal Trade Commission

14

# Exhibit 21



May 28, 2015

Federal Trade Commission
Attn: Gina Pickerrell, Investigator
600 Pennsylvania Ave., NW
Mailstop CC-9528
Washington DC 20580

Re: Seth Hassell, Jolynn Anderson,
Clint Ethington

Dear Invistigator Pickerrell:

This letter is to verify the requested information in regards to Seth Hassell, Jolynn Anderson, &
Clint Ethington:

Name on Account: Seth Karl Hassell, Lauren Hean Hassell
Address: REDACTED          Gilbert, AZ 85234-0744
All Acount numbers: REDACTED 4625, REDACTED 3041, REDACTED 9160
Types of Accounts: Consumer Checking, Consumer Checking, Consumer Savings

If you have any questions, please contact a representative at (303)231-2070.

Sincerely,

*Brad Champion* (signature)

Brad Champion
Support Services Supervisor

bc/dj
enclosures

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY
### Pursuant to 28 U.S.C. § 1746

1.  I, _Brad Champion_, have personal knowledge of the facts set forth below and am competent to testify as follows:

2.  I have authority to certify the authenticity of the records produced by First Bank and attached hereto.

3.  The documents produced and attached hereto by First Bank are originals or true copies of records of regularly conducted activity that:

    a)  Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    b)  Were kept in the course of the regularly conducted activity of First Bank; and

    c)  Were made by the regularly conducted activity as a regular practice of First Bank.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _May 28_, 2015.

_Brad Champion_
Signature

12

# Exhibit 22



BOXED BEGINNINGS LLC
Deposit Account Name (Last Name, First, M.I.)
REDACTED-2656
Account Number

Account Category: Comm/Non Pers          Ownership: Comm/Other          No. of Signers Required: ONE

Open Date: 01/04/2012          Closed Date: _____

UNLESS OTHERWISE INDICATED ABOVE, WE (THE BANK) MAY RECOGNIZE ANY **ONE** OF THE SIGNATURES BELOW AS AUTHORITY TO PAY FUNDS OR TRANSACT ANY BUSINESS FOR THIS ACCOUNT BY SIGNING THE FORM, YOU (ALL ACCOUNT HOLDERS) ACKNOWLEDGE RECEIPT OF COPIES OF THE FIRSTBANK DEPOSIT ACCOUNT AGREEMENT AND ELECTRONIC BANKING AGREEMENT AND AGREE TO BE BOUND BY THEIR TERMS AS WELL AS ALL OTHER ACCOUNT RULES AND REGULATIONS OF THE BANK. YOU AUTHORIZE THE BANK TO ISSUE AN AUTOMATED BANKING CARD AND PERSONAL IDENTIFICATION NUMBER.

**CERTIFICATION:** UNDER PENALTIES, MY SIGNATURE (INCLUDES ALL INDIVIDUAL OR AUTHORIZED PERSONS SIGNING BELOW) ON THIS ACCOUNT SIGNATURE FORM CERTIFIES THAT THE NUMBER SHOWN ON THIS FORM IS MY CORRECT TAXPAYER IDENTIFICATION NUMBER (TIN) AND I AM NOT SUBJECT TO BACKUP WITHHOLDING BECAUSE (1) I AM EXEMPT FROM BACKUP WITHHOLDING, (2) I HAVE NOT BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE (IRS) THAT I AM SUBJECT TO BACKUP WITHHOLDING AS A RESULT OF A FAILURE TO REPORT ALL INTEREST OR DIVIDENDS, OR (3) THE IRS HAS NOTIFIED THAT I AM NO LONGER SUBJECT TO BACKUP WITHHOLDING. **CERTIFICATION** IS REQUIRED BY THE IRS. THE IRS DOES NOT REQUIRE YOUR CONSENT TO ANY PROVISIONS ON THIS DOCUMENT OTHER THAN THE CERTIFICATIONS REQUIRED TO AVOID BACKUP WITHHOLDING.

Signature: _Seth Hassell_          Name: BOXED BEGINNINGS LLC

Customer Number: REDACTED          DOB: _____          TIN: REDACTED

Address: 67 S. HIGLEY STE 103-250
         GILBERT, AZ 85296

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: | Iss/Exp. Date: |

Signature: _Seth Hassell_          Name: SETH KARL HASSELL

Customer Number: REDACTED          DOB: REDACTED          TIN: REDACTED

Address: REDACTED
         GILBERT, AZ 85234

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: In-state Driver's License REDACTED | Type/Nbr: |
| Place of Iss: AZ | Place of Iss: |
| Iss/Exp. Date: REDACTED | Iss/Exp. Date: |

Signature: _____          Name: _____

Customer Number: _____          DOB: _____          TIN: _____

Address: _____

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: | Iss/Exp. Date: |

Signature: _____          Name: _____

Customer Number: _____          DOB: _____          TIN: _____

Address: _____

| Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: | Iss/Exp. Date: |

PROMISE TO PAY AND AGREEMENT TO TERMS FOR CASH RESERVE LINE OF CREDIT
"FirstBank" shall mean any subsidiary bank of FirstBank Holding Company. "Bank" shall mean the specific FirstBank where this account is maintained. I authorize the Bank to obtain a credit report and any other information it deems necessary about my creditworthiness. I agree to use any card or account offered by FirstBank only in accordance with the terms and conditions set forth in the FirstBank Cash Reserve, FirstBank Deposit Account, and the Electronic Banking agreements, receipt of which is hereby acknowledged. I agree to notify the Bank immediately in writing of any adverse change in my financial condition. I AUTHORIZE THE BANK TO AUTOMATICALLY DEDUCT THE MINIMUM PAYMENT AND FINANCE CHARGE WHICH IS DUE EACH MONTH UNDER MY CASH RESERVE LINE OF CREDIT FROM ANY OF THE DEPOSIT ACCOUNTS AT THE BANK.

SECURITY AGREEMENT. TO SECURE PAYMENT OF ALL AMOUNTS OWING AT ANY TIME UNDER THE CASH RESERVE AGREEMENT AND ANY OTHER INDEBTEDNESS TO THE BANK, I GRANT THE BANK A SECURITY INTEREST IN MY DEPOSIT ACCOUNTS AT ANY FIRSTBANK. I FURTHER AUTHORIZE THE BANK IN ITS DISCRETION TO HOLD AND APPLY FUNDS IN ANY OF MY DEPOSIT ACCOUNTS MAINTAINED AT THE BANK AGAINST ANY PRESENT OR FUTURE INDEBTEDNESS I MAY HAVE TO ANY FIRSTBANK, ANY COLLATERAL OTHER THAN MY DWELLING WHICH SECURES MY INDEBTEDNESS AT ANY FIRSTBANK WILL ALSO SECURE ALL OF MY PRESENT AND FUTURE OBLIGATIONS TO THE BANK.

| Borrower Signature | Date | | Borrower Signature | Date |

| Borrower Signature | Date | | Borrower Signature | Date |

**FOR BANK USE ONLY**

BOXED BEGINNINGS LLC

SETH KARL HASSELL

REDACTED

| Customer Name | Credit Score/ChexSystems/RAS | Customer Name | Credit Score/ChexSystems/RAS |

If substantive discrepancies are identified relating to verifying any of the information above, document what these are and the resolution/acceptance of these. If there are no discrepancies leave blank.

NCD - Waiting on Dep

Officer Approval(If Required)

_Kendra McWhirter_
Print Officer Name

KKM 1-4-12
Initials/Date

Verification of identification and information for persons who were not present at the time the account was opened.

| Customer Name | Initials/Date |

| Customer Name | Initials/Date |

| Customer Name | Initials/Date |

8-7-14  LZT
14.8'1
Consolidating into ferme to ret



## DEPOSIT ACCOUNT AUTHORIZATION
### (Business Entities and Nonprofit Organizations)

Type of Entity: (check applicable box)

☐ Partnership

    ☐ General Partnership
    ☐ Limited Partnership
    ☐ Limited Liability Partnership
    ☐ Limited Liability Limited Partnership

☐ Corporation
☒ Limited Liability Company
☐ Single Member Limited Liability Company
☐ Government Agency
☐ Nonprofit Corporation
☐ Limited Partnership Association
☐ Club or Association

Entity Name, Address, and Tax Identification Number:

BOXED BEGINNINGS LLC

67 S. HIGLEY
STE 103-250
GILBERT, AZ 85296

REDACTED

☐ Check if entity is tax exempt under IRC Section 501 (c) (3), (4) or (10).

**To: FirstBank ("Bank")**

---

**NOTICE**
**THIS AUTHORIZATION WILL APPLY TO ALL DEPOSIT ACCOUNTS MAINTAINED BY THE ABOVE ENTITY AT BANK UNLESS OTHERWISE SPECIFIED IN WRITING.**

---

The undersigned, who is authorized under the constituent documents of the entity designated above to enter into deposit account and banking services agreements on behalf of the entity, hereby instructs and authorizes Bank to open one or more deposit accounts in the name of the entity and to provide other services relating to such accounts. The undersigned certifies to Bank that any **one**\* of the following persons in the name of the entity has been authorized by appropriate resolution or other action of the entity to collect, discount, negotiate, endorse and assign all checks, drafts, notes, and other negotiable instruments payable to the entity and to draw, sign and deliver, in the name of the entity, checks or drafts against the funds of the entity on deposit with Bank. In addition, any **one**\* of the following persons is authorized on behalf of the entity to transact any deposit account or other business relating to all deposit accounts maintained by the entity at Bank and to enter into agreements with Bank to implement other account services, including but not limited to debit card and electronic banking services, facsimile signature authorizations and agreements, wire transfer agreements, telephone and PC banking agreements, and merchant bank card agreements. The names of the persons so authorized are:

| \*Title | Cust. Nbr. | Print Name | Signature |
|---|---|---|---|
| MANAGER | REDACTED | SETH KARL HASSELL | |
| SIGNER | REDACTED | JOLYNN M. ANDERSON | |

*\*Identify title or status of authorized person (e.g., president, managing member, general partner, etc.)*

---

**NOTICE**
**Each person signing as an authorized person consents and agrees that Bank may obtain a credit report and other information concerning such person as Bank deems appropriate.**

---

The undersigned certifies that: 1) the entity has been validly formed and currently exists in good standing in accordance with applicable law; 2) the constituent documents of the entity permit the undersigned to execute this authorization on behalf of the entity; 3) this authorization will be binding upon the entity and all of the owners of the entity notwithstanding any inconsistencies in the entity's constituent documents; 4) the authority of the designated individuals to perform each and all of the powers described above shall remain in full force and effect until written revocation of such authority is delivered to Bank and noted upon the original of this document; and 5) all of the original signatures contained in this authorization are genuine in all respects. The undersigned agrees to immediately notify Bank in writing of any change in the form or legal status of the entity including, but not limited to, any merger, consolidation, reorganization, bankruptcy, name change, or any other proceedings affecting the entity. The undersigned acknowledges receipt of the FirstBank Deposit Account Agreement as

Attach. A Ostrum Dec. Ex. 22 at 003

well as the FirstBank Electronic Banking Agreement and agrees that the entity shall be bound by the terms of these documents as well as all other account rules and regulations of Bank.

Executed on: February 08, 2012

BOXED BEGINNINGS LLC
Entity Name

_____
Signature

_____
Title

*Written approval of an officer of Bank is required if two or more persons will be required to sign or act in concert. An additional service charge may be imposed for this feature. This security feature is only available for paper-based items and checks. It will not apply to any verbal, telephonic, or electronic access to any of the deposit accounts of the entity.



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

0-0429

BOXED BEGINNINGS LLC
67 S HIGLEY RD STE 103-250
GILBERT AZ 85296-1166

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2656 |
|---|---|
| STATEMENT DATE | 2-28-2013 |
| INTEREST EARNED THIS YEAR | N/A |

E-STATEMENT

| ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING |
|---|

CLOSING BALANCE FROM PREVIOUS STATEMENT ............................ DATE: 1-31-2013   276.89
  1  DEPOSITS AND OTHER ADDITIONS TOTALING .............................   8,500.00+
  3  CHECKS AND OTHER WITHDRAWALS TOTALING ..........................   8,701.00-
CLOSING BALANCE FOR THIS STATEMENT ................................... DATE: 2-28-2013   75.89

    MINIMUM BALANCE OF   75.89  ON............ 2-28-2013

| CHECKS AND OTHER WITHDRAWALS | SHOWS BREAK IN CHECK NUMBER,  SHOWS NOT MACHINE READABLE |
|---|

  NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE..........AMOUNT..DESCRIPTION................................................CARD NBR

  2-15    4,000.00  INTERNET TRANSFER #007377 TO CHECKING ACCOUNT XXX-XXX-3041
                  * INTER-COMPANY TRANSFER
  2-25    4,700.00  INTERNET TRANSFER #010679 TO CHECKING ACCOUNT XXX-XXX-2370
                  * INTER-COMPANY TRANSFER
  2-28       1.00  ACTIVITY CHARGE

| DEPOSITS AND OTHER ADDITIONS |
|---|

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE..........AMOUNT..DESCRIPTION................................................CARD NBR

  2-15    8,500.00  INTERNET TRANSFER #007276 FROM CHECKING ACCOUNT XXX-XXX-2664

| DAILY BALANCE SUMMARY |
|---|

DATE..........BALANCE       DATE..........BALANCE       DATE..........BALANCE

  2-01     276.89       2-25      76.89
  2-15   4,776.89      2-28      75.89

| SPECIAL MESSAGES AND IMPORTANT NOTICES |
|---|

Your FirstBank Business Visa Check Card provides you with a generous list of benefits
including auto rental insurance and purchase security/extended warranty protection.  For
complete benefit information and a list of restrictions, visit www.visa.com/benefits or
call 1-800-595-9928.

****** CONTINUED ON NEXT PAGE ******

Attach. A Ostrum Dec. Ex. 22 at 005

| ACCOUNT NUMBER | XXX-XXX-2656 | DATE | 2-28-2013 |
|---|---|---|---|

---

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION
     AVERAGE ACCOUNT BALANCE                              1,855
     AVERAGE COLLECTED BALANCE                            1,855

| ACTIVITY CHARGES | | | |
|---|---|---|---|
| NUMBER | DESCRIPTION | COST | CHARGE |
| 1 | FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 |
| | TOTAL ACTIVITY CHARGES | | 1.00 |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!

# Exhibit 23

TRULY IMAGINE INC.

Deposit Account Name (Last Name, First, M.I.)

REDACTED 2370

Account Number

Account Category: __Comm/Non Pers__  Ownership: __Comm/Other__  No. of Signers Required: __ONE__

Open Date: __01/26/2012__  Closed Date: _____

UNLESS OTHERWISE INDICATED ABOVE, WE (THE BANK) MAY RECOGNIZE ANY **ONE** OF THE SIGNATURES BELOW AS AUTHORITY TO PAY FUNDS OR TRANSACT ANY BUSINESS FOR THIS ACCOUNT BY SIGNING THE FORM, YOU (ALL ACCOUNT HOLDERS) ACKNOWLEDGE RECEIPT OF COPIES OF THE FIRSTBANK DEPOSIT ACCOUNT AGREEMENT AND ELECTRONIC BANKING AGREEMENT AND AGREE TO BE BOUND BY THEIR TERMS AS WELL AS ALL OTHER ACCOUNT RULES AND REGULATIONS OF THE BANK. YOU AUTHORIZE THE BANK TO ISSUE AN AUTOMATED BANKING CARD AND PERSONAL IDENTIFICATION NUMBER.

CERTIFICATION: UNDER PENALTIES, MY SIGNATURE (INCLUDES ALL INDIVIDUAL OR AUTHORIZED PERSONS SIGNING BELOW ON THIS ACCOUNT SIGNATURE FORM CERTIFIES THAT THE NUMBER SHOWN ON THIS FORM IS MY CORRECT TAXPAYER IDENTIFICATION NUMBER (TIN) AND I AM NOT SUBJECT TO BACKUP WITHHOLDING BECAUSE (1) I AM EXEMPT FROM BACKUP WITHHOLDING, (2) I HAVE NOT BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE (IRS) THAT I AM SUBJECT TO BACKUP WITHHOLDING AS A RESULT OF A FAILURE TO REPORT ALL INTEREST OR DIVIDENDS, OR (3) THE IRS HAS NOTIFIED THAT I AM NO LONGER SUBJECT TO BACKUP WITHHOLDING. **CERTIFICATION** IS REQUIRED BY THE IRS. THE IRS DOES NOT REQUIRE YOUR CONSENT TO ANY PROVISIONS ON THIS DOCUMENT OTHER THAN THE CERTIFICATIONS REQUIRED TO AVOID BACKUP WITHHOLDING.

Signature: _____   Name: __TRULY IMAGINE INC.__

Customer Number: __REDACTED__  DOB: _____  TIN: __REDACTED__

Address: __1918 N HIGLEY RD__

MESA, AZ 85205

|  Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: | Iss/Exp. Date: |

Signature: _____   Name: __SETH KARL HASSELL__

Customer Number: __REDACTED__  DOB: __REDACTED__  TIN: __REDACTED__

Address: __REDACTED__

GILBERT, AZ 85234-0744

|  Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: __No ID Required, Current Customer/__ | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: __NA NA__ | Iss/Exp. Date: |

Signature: _____   Name: _____

Customer Number: _____  DOB: _____  TIN: _____

Address: _____

|  Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: | Iss/Exp. Date: |

Signature: _____   Name: _____

Customer Number: _____  DOB: _____  TIN: _____

Address: _____

|  Primary Identification | Secondary Identification |
|---|---|
| Type/Nbr: | Type/Nbr: |
| Place of Iss: | Place of Iss: |
| Iss/Exp. Date: | Iss/Exp. Date: |

**PROMISE TO PAY AND AGREEMENT TO TERMS FOR CASH RESERVE LINE OF CREDIT**
"FirstBank" shall mean any subsidiary bank of FirstBank Holding Company. "Bank" shall mean the specific FirstBank where this account is maintained. I authorize the Bank to obtain a credit report and any other information it deems necessary about my creditworthiness. I agree to use any card or account offered by FirstBank only in accordance with the terms and conditions set forth in the FirstBank Cash Reserve, FirstBank Deposit Account, and the Electronic Banking agreements, receipt of which is hereby acknowledged. I agree to notify the Bank immediately in writing of any adverse change in my financial condition. I AUTHORIZE THE BANK TO AUTOMATICALLY DEDUCT THE MINIMUM PAYMENT AND FINANCE CHARGE WHICH IS DUE EACH MONTH UNDER MY CASH RESERVE LINE OF CREDIT FROM ANY OF THE DEPOSIT ACCOUNTS AT THE BANK.

SECURITY AGREEMENT. TO SECURE PAYMENT OF ALL AMOUNTS OWING AT ANY TIME UNDER THE CASH RESERVE AGREEMENT AND ANY OTHER INDEBTEDNESS TO THE BANK, I GRANT THE BANK A SECURITY INTEREST IN MY DEPOSIT ACCOUNTS AT ANY FIRSTBANK. I FURTHER AUTHORIZE THE BANK IN ITS DISCRETION TO HOLD AND APPLY FUNDS IN ANY OF MY DEPOSIT ACCOUNTS MAINTAINED AT THE BANK AGAINST ANY PRESENT OR FUTURE INDEBTEDNESS I MAY HAVE TO ANY FIRSTBANK. ANY COLLATERAL OTHER THAN MY DWELLING WHICH SECURES MY INDEBTEDNESS AT ANY FIRSTBANK WILL ALSO SECURE ALL OF MY PRESENT AND FUTURE OBLIGATIONS TO THE BANK.

| Borrower Signature | Date | | Borrower Signature | Date |
|---|---|---|---|---|

| Borrower Signature | Date | | Borrower Signature | Date |
|---|---|---|---|---|

**FOR BANK USE ONLY**

| TRULY IMAGINE INC. | R | SETH KARL HASSELL | REDACTED |
|---|---|---|---|
| Customer Name | Credit Score/ChexSystems/RAS | Customer Name | Credit Score/ChexSystems/RAS |

If substantive discrepancies are identified relating to verifying any of the information above, document what these are and the resolution/acceptance of these. If there are no discrepancies leave blank.

NOD - No opening deposit

Officer Approval(If Required)

David Nielson
Print Officer Name

1/26/12
Initials/Date

Verification of identification and information for persons who were not present at the time the account was opened.

| Customer Name | Initials/Date |
|---|---|

| Customer Name | Initials/Date |
|---|---|

| Customer Name | Initials/Date |
|---|---|

Rev. 07/29/2011   WILL

IAPCR N/A
Attach. A Ostrum Dec. Ex. 23 at 002

Page 2 of 2

**DEPOSIT ACCOUNT AUTHORIZATION**
**(Business Entities and Nonprofit Organizations)**

Type of Entity: (check applicable box)

☐ Partnership

    ☐ General Partnership
    ☐ Limited Partnership
    ☐ Limited Liability Partnership
    ☐ Limited Liability Limited Partnership

☐ Corporation
☒ Limited Liability Company
☐ Single Member Limited Liability Company
☐ Government Agency
☐ Nonprofit Corporation
☐ Limited Partnership Association
☐ Club or Association

Entity Name, Address, and Tax Identification Number:

TRULY IMAGINE INC.

1918 N HIGLEY RD
MESA, AZ 85205

REDACTED



Deposit Account Authorization

☐ Check if entity is tax exempt under IRC Section 501 (c) (3), (4) or (10).

**To: FirstBank ("Bank")**

| NOTICE |
| --- |
| **THIS AUTHORIZATION WILL APPLY TO ALL DEPOSIT ACCOUNTS MAINTAINED BY THE ABOVE ENTITY AT BANK UNLESS OTHERWISE SPECIFIED IN WRITING.** |

The undersigned, who is authorized under the constituent documents of the entity designated above to enter into deposit account and banking services agreements on behalf of the entity, hereby instructs and authorizes Bank to open one or more deposit accounts in the name of the entity and to provide other services relating to such accounts. The undersigned certifies to Bank that any **one**\* of the following persons in the name of the entity has been authorized by appropriate resolution or other action of the entity to collect, discount, negotiate, endorse and assign all checks, drafts, notes, and other negotiable instruments payable to the entity and to draw, sign and deliver, in the name of the entity, checks or drafts against the funds of the entity on deposit with Bank. In addition, any **one**\* of the following persons is authorized on behalf of the entity to transact any deposit account or other business relating to all deposit accounts maintained by the entity at Bank and to enter into agreements with Bank to implement other account services, including but not limited to debit card and electronic banking services, facsimile signature authorizations and agreements, wire transfer agreements, telephone and PC banking agreements, and merchant bank card agreements. The names of the persons so authorized are:

| \*Title | Cust. Nbr. | Print Name | Signature |
| --- | --- | --- | --- |
| PRESIDENT ~~MANAGER~~ | REDACTED | SETH KARL HASSELL | *St Hassell* |
| SIGNER | REDACTED | JOLYNN M. ANDERSON | *Jolynn M. Anderson* |

**\*Identify title or status of authorized person (e.g., president, managing member, general partner, etc.)**

| NOTICE |
| --- |
| **Each person signing as an authorized person consents and agrees that Bank may obtain a credit report and other information concerning such person as Bank deems appropriate.** |

The undersigned certifies that: 1) the entity has been validly formed and currently exists in good standing in accordance with applicable law; 2) the constituent documents of the entity permit the undersigned to execute this authorization on behalf of the entity; 3) this authorization will be binding upon the entity and all of the owners of the entity notwithstanding any inconsistencies in the entity's constituent documents; 4) the authority of the designated individuals to perform each and all of the powers described above shall remain in full force and effect until written revocation of such authority is delivered to Bank and noted upon the original of this document; and 5) all of the original signatures contained in this authorization are genuine in all respects. The undersigned agrees to immediately notify Bank in writing of any change in the form or legal status of the entity including, but not limited to, any merger, consolidation, reorganization, bankruptcy, name change, or any other proceedings affecting the entity. The undersigned acknowledges receipt of the FirstBank Deposit Account Agreement as

well as the FirstBank Electronic Banking Agreement and agrees that the entity shall be bound by the terms of these documents as well as all other account rules and regulations of Bank.

Executed on: February 08, 2012

TRULY IMAGINE INC.
_____
Entity Name

_____
Signature

President
_____
Title

*Written approval of an officer of Bank is required if two or more persons will be required to sign or act in concert. An additional service charge may be imposed for this feature. This security feature is only available for paper-based items and checks. It will not apply to any verbal, telephonic, or electronic access to any of the deposit accounts of the entity.

Attach. A Ostrum Dec. Ex. 23 at 004

FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097



1-0550

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2370 |
|---|---|
| STATEMENT DATE | 1-31-2013 |
| INTEREST EARNED THIS YEAR | N/A |

TRULY IMAGINE INC.
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

### ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING

| | | |
|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: | |
| 1 DEPOSITS AND OTHER ADDITIONS TOTALING | | 5,200.00+ |
| 7 CHECKS AND OTHER WITHDRAWALS TOTALING | | 5,236.35- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 1-31-2013 | 207.54 |

MINIMUM BALANCE OF      89.44  ON.......... 1-16-2013

### CHECKS AND OTHER WITHDRAWALS        SHOWS BREAK IN CHECK NUMBER,  SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

| DATE | AMOUNT | DESCRIPTION | CARD NBR |
|---|---|---|---|
| 1-03 | 92.95 | ADP - FEES ADP PAYROLL FEES | |
| 1-16 | 61.50 | ADP - FEES ADP PAYROLL FEES | |
| 1-28 | 42.00 | ADP - TAX  ADP TX/FINCL SVC | |
| 1-30 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC | |
| 1-30 | 1,457.32 | ADP - TAX  ADP TX/FINCL SVC | |
| 1-30 | 92.95 | ADP - FEES ADP PAYROLL FEES | |
| 1-31 | 1.00 | ACTIVITY CHARGE | |

### DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

| DATE | AMOUNT | DESCRIPTION | CARD NBR |
|---|---|---|---|
| 1-28 | 5,200.00 | DEPOSIT    * NON-PREPRINTED FORM | |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 1-02 | 243.89 | 1-16 | 89.44 | 1-30 | 208.54 |
| 1-03 | 150.94 | 1-28 | 5,247.44 | 1-31 | 207.54 |

****** CONTINUED ON NEXT PAGE ******

Attach. A Ostrum Dec. Ex. 23 at 005

| ACCOUNT NUMBER | XXX-XXX-2370 | DATE | 1-31-2013 |
|---|---|---|---|

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION

| | | |
|---|---|---|
| AVERAGE ACCOUNT BALANCE | | 465 |
| AVERAGE COLLECTED BALANCE | | 297 |

ACTIVITY CHARGES

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 1 | CREDIT | .30 | .30 | WAIVED |
| 1 | DEPOSITED ITEM | .10 | .10 | WAIVED |
| 6 | ACH DEBITS | .10 | .60 | WAIVED |
| 1 | FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 | |
| | TOTAL ACTIVITY CHARGES | | 1.00 | |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible.  But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know.  Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint.  We will do our best to solve your problem.  If our service was especially good, we'd like to hear about that too.  We welcome any new suggestions you might have about new product or ways we could improve our service to you.  Thank you for banking with us!

 

Account:<sup>REDACTED</sup>6816 Sequence:91019490 Amount:$5,200.00 Date:01/28/2013 Serial:182 Debit/Credit:D
Trancode:0 TransactionBranch:429

 

Account:<sup>REDACTED</sup>2370 Sequence:91019500 Amount:$5,200.00 Date:01/28/2013 Serial:0 Debit/Credit:C
Trancode:23 TransactionBranch:429



FIRSTBANK
PO BOX 150097
LAKEWOOD  CO  80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

0-0550

| | |
|---|---|
| ACCOUNT NUMBER | XXX-XXX-2370 |
| STATEMENT DATE | 2-28-2013 |
| INTEREST EARNED THIS YEAR | N/A |

TRULY IMAGINE INC.
1918 N HIGLEY RD
MESA  AZ  85205-3306

E-STATEMENT

ACCOUNT SUMMARY  -- CHECKING ACCOUNT - SAFEKEEPING

| | | |
|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: 1-31-2013 | 207.54 |
| 2 DEPOSITS AND OTHER ADDITIONS TOTALING | | 4,900.00+ |
| 4 CHECKS AND OTHER WITHDRAWALS TOTALING | | 5,005.70- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 2-28-2013 | 101.84 |

MINIMUM BALANCE OF        101.84  ON............ 2-28-2013

CHECKS AND OTHER WITHDRAWALS          SHOWS BREAK IN CHECK NUMBER.  SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION..............................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 2-27 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC |
| 2-27 | 1,423.12 | ADP - TAX  ADP TX/FINCL SVC |
| 2-27 | 92.95 | ADP - FEES ADP PAYROLL FEES |
| 2-28 | 1.00 | ACTIVITY CHARGE |

DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE.........AMOUNT..DESCRIPTION..............................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 2-25 | 200.00 | INTERNET TRANSFER #010689 FROM CHECKING ACCOUNT XXX-XXX-2362 |
| 2-25 | 4,700.00 | INTERNET TRANSFER #010679 FROM CHECKING ACCOUNT XXX-XXX-2656 |

DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 2-01 | 207.54 | 2-27 | 102.84 | | |
| 2-25 | 5,107.54 | 2-28 | 101.84 | | |

SPECIAL MESSAGES AND IMPORTANT NOTICES

Your FirstBank Business Visa Check Card provides you with a generous list of benefits
including auto rental insurance and purchase security/extended warranty protection.  For
complete benefit information and a list of restrictions, visit www.visa.com/benefits or
call 1-800-595-9928.

****** CONTINUED ON NEXT PAGE ******

| ACCOUNT NUMBER | XXX-XXX-2370 | DATE | 2-28-2013 |
|---|---|---|---|

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION

| | | |
|---|---|---|
| AVERAGE ACCOUNT BALANCE | | 550 |
| AVERAGE COLLECTED BALANCE | | 550 |

ACTIVITY CHARGES

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 3 | ACH DEBITS | .10 | .30 | WAIVED |
| 1 | FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 | |
| | TOTAL ACTIVITY CHARGES | | 1.00 | |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!



**FIRSTBANK**
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2370 |
|---|---|
| STATEMENT DATE | 3-29-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0550

TRULY IMAGINE INC.
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

## ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING

| | | | |
|---|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: 2-28-2013 | 101.84 |
| 2 DEPOSITS AND OTHER ADDITIONS TOTALING | | 5,034.20+ |
| 4 CHECKS AND OTHER WITHDRAWALS TOTALING | | 4,998.20- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 3-29-2013 | 137.84 |

MINIMUM BALANCE OF      101.84   ON............ 3-01-2013

## CHECKS AND OTHER WITHDRAWALS        SHOWS BREAK IN CHECK NUMBER.   SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION................................................CARD NBR

| | | |
|---|---|---|
| 3-28 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC |
| 3-28 | 1,415.62 | ADP - TAX  ADP TX/FINCL SVC |
| 3-29 | 92.95 | ADP - FEES ADP PAYROLL FEES |
| 3-29 | 1.00 | ACTIVITY CHARGE |

## DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE.........AMOUNT..DESCRIPTION................................................CARD NBR

| | | |
|---|---|---|
| 3-05 | 34.20 | ADP - TAX  ADP TX/FINCL SVC |
| 3-26 | 5,000.00 | INTERNET TRANSFER #085914 FROM CHECKING ACCOUNT XXX-XXX-3041 |

## DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 3-01 | 101.84 | 3-26 | 5,136.04 | 3-29 | 137.84 |
| 3-05 | 136.04 | 3-28 | 231.79 | | |

## SPECIAL MESSAGES AND IMPORTANT NOTICES

Effective May 1, 2013, the following fee changes will take effect: $10 for incoming wires;
$25 for outgoing domestic wires; $45 for a new 12-month Stop Payment option;
2% International Transaction fee for all foreign Debit Card, Credit Card and ATM
transactions; $10 monthly inactivity fee for Checking Accounts after 12 months of
inactivity if account balance is less than $1,000; and a $20 quarterly inactivity fee for
Savings Accounts after 12 months of inactivity if the account balance is less than $1,000.

****** CONTINUED ON NEXT PAGE ******

| ACCOUNT NUMBER | XXX-XXX-2370 | DATE | 3-29-2013 |
|---|---|---|---|

The following fee changes will also be in effect for all business customers:  $2 per month Business Visa Debit Card Fee; $10 for Internet Cash Management (ICM) outgoing domestic wires; $20 for ICM outgoing foreign wires; and $5 monthly fee for Business Regular Savings Accounts if the balance falls below $300.

The following fee changes will apply to Business Checking Accounts with over 150 items and Regular Checking Accounts:  $12 monthly maintenance fee, $0.20 for paper debits, and $0.15 for ACH debits.

In addition, the interest bearing Business Money Market Checking Account will be made available to all business types.  The account will include 150 free items per statement cycle (any item over 150 will be assessed a $0.50 fee) and will be assessed a $15 monthly maintenace fee if the balance falls below $5,000.  Interest rates will be subject to change every Wednesday and the first business day of the month.  Rates can be found at efirstbank.com or at your branch location.  Current Business Money Market Checking Accounts will be converted to the new structure, but can be converted to other available accounts by calling FirstBank's Business Services department at 877-249-9980.

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION

| | | | |
|---|---|---|---|
| AVERAGE ACCOUNT BALANCE | | 479 | |
| AVERAGE COLLECTED BALANCE | | 479 | |

ACTIVITY CHARGES

| NUMBER DESCRIPTION | COST | CHARGE | |
|---|---|---|---|
| 3 ACH DEBITS | .10 | .30 | WAIVED |
| 1 ACH CREDIT | .20 | .20 | WAIVED |
| 1 FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 | |
| TOTAL ACTIVITY CHARGES | | 1.00 | |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible.  But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know.  Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint.  We will do our best to solve your problem.  If our service was especially good, we'd like to hear about that too.  We welcome any new suggestions you might have about new product or ways we could improve our service to you.  Thank you for banking with us!



FIRSTBANK
PO BOX 150097
LAKEWOOD  CO  80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| | |
|---|---|
| ACCOUNT NUMBER | XXX-XXX-2370 |
| STATEMENT DATE | 4-30-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0550

TRULY IMAGINE INC.
1918 N HIGLEY RD
MESA  AZ  85205-3306

E-STATEMENT

### ACCOUNT SUMMARY  -- CHECKING ACCOUNT - SAFEKEEPING

| | | |
|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: 3-29-2013 | 137.84 |
| 2 DEPOSITS AND OTHER ADDITIONS TOTALING | | 5,117.00+ |
| 3 CHECKS AND OTHER WITHDRAWALS TOTALING | | 4,860.25- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 4-30-2013 | 394.59 |

MINIMUM BALANCE OF        137.84  ON.......... 4-01-2013

### CHECKS AND OTHER WITHDRAWALS          SHOWS BREAK IN CHECK NUMBER,  SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION...............................................CARD NBR

| | | |
|---|---|---|
| 4-29 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC |
| 4-29 | 1,370.62 | ADP - TAX  ADP TX/FINCL SVC |
| 4-30 | 1.00 | ACTIVITY CHARGE |

### DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE.........AMOUNT..DESCRIPTION...............................................CARD NBR

| | | |
|---|---|---|
| 4-04 | 117.00 | ADP - TAX  ADP TX/FINCL SVC |
| 4-24 | 5,000.00 | INTERNET TRANSFER #040439 FROM CHECKING ACCOUNT XXX-XXX-2664 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 4-01 | 137.84 | 4-24 | 5,254.84 | 4-30 | 394.59 |
| 4-04 | 254.84 | 4-29 | 395.59 | | |

### EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION

| | |
|---|---|
| AVERAGE ACCOUNT BALANCE | 1,026 |
| AVERAGE COLLECTED BALANCE | 1,026 |

ACTIVITY CHARGES

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 2 | ACH DEBITS | .10 | .20 | WAIVED |
| 1 | ACH CREDIT | .20 | .20 | WAIVED |
| 1 | FIRSTBANK BUSINESS VISA CARD | 1.00 | 1.00 | |
| | TOTAL ACTIVITY CHARGES | | 1.00 | |

### HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible.  But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know.  Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint.  We will do our best to solve your problem.  If our service was especially good, we'd like to hear about that too.  We welcome any new suggestions you might have about our product or ways we could improve our service to you.  Thank you for banking with us!



**FIRSTBANK**
PO BOX 150097
LAKEWOOD  CO  80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| | |
|---|---|
| ACCOUNT NUMBER | XXX-XXX-2370 |
| STATEMENT DATE | 5-31-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0550

**TRULY IMAGINE INC.**
1918 N HIGLEY RD
MESA  AZ  85205-3306

E-STATEMENT

## ACCOUNT SUMMARY  -- CHECKING ACCOUNT - SAFEKEEPING

| | | | |
|---|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: | 4-30-2013 | 394.59 |
| 1  DEPOSITS AND OTHER ADDITIONS TOTALING | | | 5,000.00+ |
| 5  CHECKS AND OTHER WITHDRAWALS TOTALING | | | 5,032.15- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: | 5-31-2013 | 362.44 |

MINIMUM BALANCE OF          301.64  ON.......... 5-03-2013

## CHECKS AND OTHER WITHDRAWALS          SHOWS BREAK IN CHECK NUMBER,   SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE..........AMOUNT..DESCRIPTION..............................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 5-03 | 92.95 | ADP - FEES ADP PAYROLL FEES |
| 5-30 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC |
| 5-30 | 1,355.62 | ADP - TAX  ADP TX/FINCL SVC |
| 5-31 | 92.95 | ADP - FEES ADP PAYROLL FEES |
| 5-31 | 2.00 | ACTIVITY CHARGE |

## DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE..........AMOUNT..DESCRIPTION..............................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 5-28 | 5,000.00 | INTERNET TRANSFER #034693 FROM CHECKING ACCOUNT XXX-XXX-3041 |

## DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 5-01 | 394.59 | 5-28 | 5,301.64 | 5-31 | 362.44 |
| 5-03 | 301.64 | 5-30 | 457.39 | | |

## EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION
   AVERAGE ACCOUNT BALANCE                     637
   AVERAGE COLLECTED BALANCE                    637

ACTIVITY CHARGES

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 4 | ACH DEBITS | .15 | .60 | WAIVED |
| 1 | FIRSTBANK BUSINESS VISA CARD | 2.00 | 2.00 | |
| | TOTAL ACTIVITY CHARGES | | 2.00 | |

## HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible.  But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know.  Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint.  We will do our best to solve your problem.  If our service was especially good, we'd like to hear about that too.  We welcome any new suggestions you might have about new product or ways we could improve our service to you.  Thank you for banking with us!



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account: 877-933-9800**
**www.efirstbank.com**

0-0550

TRULY IMAGINE INC.
1918 N HIGLEY RD
MESA AZ 85205-3306

| ACCOUNT NUMBER | XXX-XXX-2370 |
|---|---|
| STATEMENT DATE | 6-28-2013 |
| INTEREST EARNED THIS YEAR | N/A |

E-STATEMENT

### ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING

| | | | |
|---|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: | 5-31-2013 | 362.44 |
| 1 DEPOSITS AND OTHER ADDITIONS TOTALING | | | 5,000.00+ |
| 5 CHECKS AND OTHER WITHDRAWALS TOTALING | | | 5,056.20- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: | 6-28-2013 | 306.24 |

MINIMUM BALANCE OF        245.44  ON............  6-20-2013

### CHECKS AND OTHER WITHDRAWALS        SHOWS BREAK IN CHECK NUMBER,  SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION............................................CARD NBR

| DATE | AMOUNT | DESCRIPTION | |
|---|---|---|---|
| 6-20 | 117.00 | ADP - TAX  ADP TX/FINCL SVC | |
| 6-27 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC | |
| 6-27 | 1,355.62 | ADP - TAX  ADP TX/FINCL SVC | |
| 6-28 | 92.95 | ADP - FEES ADP PAYROLL FEES | |
| 6-28 | 2.00 | ACTIVITY CHARGE | |

### DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE.........AMOUNT..DESCRIPTION............................................CARD NBR

| DATE | AMOUNT | DESCRIPTION |
|---|---|---|
| 6-25 | 5,000.00 | INTERNET TRANSFER #106546 FROM CHECKING ACCOUNT XXX-XXX-3041 |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 6-03 | 362.44 | 6-25 | 5,245.44 | 6-28 | 306.24 |
| 6-20 | 245.44 | 6-27 | 401.19 | | |

### EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION

| | |
|---|---|
| AVERAGE ACCOUNT BALANCE | 689 |
| AVERAGE COLLECTED BALANCE | 689 |

ACTIVITY CHARGES

| NUMBER | DESCRIPTION | COST | CHARGE | |
|---|---|---|---|---|
| 4 | ACH DEBITS | .15 | .60 | WAIVED |
| 1 | FIRSTBANK BUSINESS VISA CARD | 2.00 | 2.00 | |
| | TOTAL ACTIVITY CHARGES | | 2.00 | |

### HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible.  But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know.  Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint.  We will do our best to solve your problem.  If our service was especially good, we'd like to hear about that too.  We welcome any new suggestions you might have about new product or ways we could improve our service to you.  Thank you for banking with us!



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2370 |
|---|---|
| STATEMENT DATE | 7-31-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0550

TRULY IMAGINE INC.
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

### ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING

| | | |
|---|---|---|
| CLOSING BALANCE FROM PREVIOUS STATEMENT | DATE: 6-28-2013 | 306.24 |
| 2 DEPOSITS AND OTHER ADDITIONS TOTALING | | 5,000.00+ |
| 3 CHECKS AND OTHER WITHDRAWALS TOTALING | | 4,846.25- |
| CLOSING BALANCE FOR THIS STATEMENT | DATE: 7-31-2013 | 459.99 |

MINIMUM BALANCE OF        306.24 ON............ 7-01-2013

### CHECKS AND OTHER WITHDRAWALS        SHOWS BREAK IN CHECK NUMBER, SHOWS NOT MACHINE READABLE

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

| DATE | AMOUNT | DESCRIPTION | CARD NBR |
|---|---|---|---|
| 7-30 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC | |
| 7-30 | 1,355.62 | ADP - TAX  ADP TX/FINCL SVC | |
| 7-31 | 2.00 | ACTIVITY CHARGE | |

### DEPOSITS AND OTHER ADDITIONS

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

| DATE | AMOUNT | DESCRIPTION | CARD NBR |
|---|---|---|---|
| 7-29 | 2,000.00 | INTERNET TRANSFER #100973 FROM CHECKING ACCOUNT XXX-XXX-3041 | |
| 7-29 | 3,000.00 | INTERNET TRANSFER #100965 FROM CHECKING ACCOUNT XXX-XXX-2664 | |

### DAILY BALANCE SUMMARY

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 7-01 | 306.24 | 7-30 | 461.99 | | |
| 7-29 | 5,306.24 | 7-31 | 459.99 | | |

### EARNINGS AND ACTIVITY CHARGE SUMMARY

BALANCE INFORMATION

| | | |
|---|---|---|
| AVERAGE ACCOUNT BALANCE | | 467 |
| AVERAGE COLLECTED BALANCE | | 467 |

ACTIVITY CHARGES

| NUMBER DESCRIPTION | COST | CHARGE | |
|---|---|---|---|
| 2 ACH DEBITS | .15 | .30 | WAIVED |
| 1 FIRSTBANK BUSINESS VISA CARD | 2.00 | 2.00 | |
| TOTAL ACTIVITY CHARGES | | 2.00 | |

### HOW ARE WE DOING?

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!



FIRSTBANK
PO BOX 150097
LAKEWOOD CO 80215-0097

**24-Hour Customer Service:**
602-381-7800 or 800-964-3444
**New Account:** 877-933-9800
**www.efirstbank.com**

| ACCOUNT NUMBER | XXX-XXX-2370 |
|---|---|
| STATEMENT DATE | 8-30-2013 |
| INTEREST EARNED THIS YEAR | N/A |

0-0550

TRULY IMAGINE INC.
1918 N HIGLEY RD
MESA AZ 85205-3306

E-STATEMENT

**ACCOUNT SUMMARY -- CHECKING ACCOUNT - SAFEKEEPING**

CLOSING BALANCE FROM PREVIOUS STATEMENT................DATE: 7-31-2013    459.99
  1 DEPOSITS AND OTHER ADDITIONS TOTALING ....................    5,000.00+
  5 CHECKS AND OTHER WITHDRAWALS TOTALING ..................    5,043.35-
CLOSING BALANCE FOR THIS STATEMENT.....................DATE: 8-30-2013    416.64

MINIMUM BALANCE OF        361.44  ON............ 8-02-2013

**CHECKS AND OTHER WITHDRAWALS        SHOWS BREAK IN CHECK NUMBER,  SHOWS NOT MACHINE READABLE**

NO CHECKS WITH SERIAL NUMBERS THIS CYCLE

**ELECTRONIC AND MISCELLANEOUS WITHDRAWALS**

DATE.........AMOUNT..DESCRIPTION..............................................CARD NBR

| 8-02 | 98.55 | ADP - FEES ADP PAYROLL FEES |
| 8-29 | 3,488.63 | ADP - TAX  ADP TX/FINCL SVC |
| 8-29 | 1,355.62 | ADP - TAX  ADP TX/FINCL SVC |
| 8-30 | 98.55 | ADP - FEES ADP PAYROLL FEES |
| 8-30 | 2.00 | ACTIVITY CHARGE |

**DEPOSITS AND OTHER ADDITIONS**

**ELECTRONIC AND MISCELLANEOUS ADDITIONS**

DATE.........AMOUNT..DESCRIPTION..............................................CARD NBR

8-27    5,000.00   INTERNET TRANSFER #082915 FROM CHECKING ACCOUNT XXX-XXX-2664

**DAILY BALANCE SUMMARY**

| DATE.........BALANCE | DATE..........BALANCE | DATE..........BALANCE |
|---|---|---|
| 8-01    459.99 | 8-27    5,361.44 | 8-30    416.64 |
| 8-02    361.44 | 8-29    517.19 | |

**EARNINGS AND ACTIVITY CHARGE SUMMARY**

BALANCE INFORMATION
  AVERAGE ACCOUNT BALANCE                        705
  AVERAGE COLLECTED BALANCE                      705

ACTIVITY CHARGES
| NUMBER DESCRIPTION | COST | CHARGE | |
|---|---|---|---|
| 4 ACH DEBITS | .15 | .60 | WAIVED |
| 1 FIRSTBANK BUSINESS VISA CARD | 2.00 | 2.00 | |
| TOTAL ACTIVITY CHARGES | | 2.00 | |

**HOW ARE WE DOING?**

We are working very hard to maintain the highest level of customer service possible. But if we make a mistake, or you receive poor service from any of our employees, we want you to let us know. Please call one of our customer representatives at 602-381-7800 (outside Phoenix: 1-800-230-1060) with any question or complaint. We will do our best to solve your problem. If our service was especially good, we'd like to hear about that too. We welcome any new suggestions you might have about new product or ways we could improve our service to you. Thank you for banking with us!

# Exhibit 24

# UNITED STATES DISTRICT COURT

for the

District of Arizona

| | |
|---|---|
| Federal Trade Commission | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:14-CV-00015-NVW |
| HCG Diet Direct, LLC, and Clint Ethington | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Bank of America, N.A., ATTN: Legal Order Processing
                            1001 Pennsylvania Ave. NW, Washington, DC 20004

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

       See Schedule A attached

| Place: Gina Pickerrell, Federal Trade Commission<br>600 Pennsylvania Ave. NW, Mail Drop CC-9528<br>Washington, DC 20580 | Date and Time:<br><br>         May 29, 2015, 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     5/13/2015

             *CLERK OF COURT*

                                     OR

   *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Federal Trade Commission _____ , who issues or requests this subpoena, are:

Korin Ewing Felix, 600 Pennsylvania Ave NW, CC-9528, Wash. DC 20580; kfelix@ftc.gov; 202-326-3556

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:14-CV-00015-NVW

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.  DEFINITIONS

A.  **"And,"** as well as **"or,"** shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

B.  **"Any"** shall be construed to include **"all,"** and **"all"** shall be construed to include the word **"any."**

C.  **"Company"** shall mean Bank of America, N.A., its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

D.  **"Document"** shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label.  **"Document" shall also include all documents, materials, and information, including Electronically Stored Information, within the meaning of the Federal Rules of Civil Procedure.**

E.  **"Each"** shall be construed to include **"every,"** and **"every"** shall be construed to include **"each."**

F.  **"Electronically Stored Information"** or **"ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form.  This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

1

G.  "**FTC**" or "**Commission**" shall mean the Federal Trade Commission.

H.  "**Identify**" or "**the identity of**" shall be construed to require identification of (a) natural persons by name, title, present business affiliation, present business address and telephone number, or if a present business affiliation or present business address is not known, the last known business and home addresses; and (b) businesses or other organizations by name, address, identities of natural persons who are officers, directors or managers of the business or organization, and contact persons, where applicable.

I.  "**Referring to**" or "**relating to**" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

J.  "**Subpoena**" shall mean the Subpoena issued to the Company, including this attached Schedule.

K.  "**You**" and "**your**" shall mean Bank of America, N.A. (the "Company") and includes its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

## II.  INSTRUCTIONS

A.  **Sharing of Information**:  The Commission often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies. The Commission may make information supplied by you available to such agencies where appropriate pursuant to the Federal Trade Commission Act and 16 C.F.R. § 4.11 (c) and (j).  Information you provide may be used in any federal, state, or foreign civil or criminal proceeding by the Commission or other agencies.

B.  **Document Retention**:  You shall retain all documentary materials used in the preparation of responses to the specifications of this Subpoena.  The Commission may require the submission of additional documents at a later time.  <u>Accordingly, you should suspend any routine procedures for document destruction and take other measures to prevent the destruction of documents</u> that are in any way relevant to this document request, irrespective of whether you believe such documents are protected from discovery by privilege or otherwise.  *See* 15 U.S.C. § 50; *see also* 18 U.S.C. §§ 1505, 1519.

C.  **Scope of Search**:  This Subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but

2

not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

D.     **Applicable time period**: Unless otherwise directed in the specifications, the applicable time period for the request shall be from **January 1, 2013 until August 31, 2013**.

E.     **Document Production:** Send all responsive documents to:

**Gina Pickerrell, Investigator**
**Federal Trade Commission**
**600 Pennsylvania Ave., NW**
**Mailstop CC-9528**
**Washington DC 20580**

Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by mail or telephone to Korin Ewing Felix at (202) 326-3556 at least five days prior to the return date.

F.     **Document Identification**: Documents that may be responsive to more than one specification of this Subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this Subpoena have been previously supplied to the Commission, you may comply with this Subpoena by identifying the document(s) previously provided and the date of submission.  Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came.  In addition, number by page (or file, for those documents produced in native electronic format) all documents in your submission, preferably with a unique Bates identifier, and indicate the total number of documents in your submission.

G.     **Production of Copies**: Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this Subpoena.  Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or

3

court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request. Copies of marketing materials and advertisements shall be produced in color, and copies of other materials shall be produced in color if necessary to interpret them or render them intelligible.

H.   **Electronic Submission of Documents**: The following guidelines refer to the production of any Electronically Stored Information ("ESI") or digitally imaged hard copy documents. Before submitting any electronic production, you must confirm with the Commission counsel named above that the proposed formats and media types will be acceptable to the Commission. The FTC requests Concordance load-ready electronic productions, including DAT and OPT load files.

1.   **Electronically Stored Information**: Documents created, utilized, or maintained in electronic format in the ordinary course of business should be delivered to the FTC as follows:

a.   Spreadsheet and presentation programs, including but not limited to Microsoft Access, SQL, and other databases, as well as Microsoft Excel and PowerPoint files, must be produced in native format with extracted text and metadata. Data compilations in Excel spreadsheets, or in delimited text formats, must contain all underlying data un-redacted with all underlying formulas and algorithms intact. All database productions (including structured data document systems) must include a database schema that defines the tables, fields, relationships, views, indexes, packages, procedures, functions, queues, triggers, types, sequences, materialized views, synonyms, database links, directories, Java, XML schemas, and other elements, including the use of any report writers and custom user data interfaces;

b.   All ESI other than those documents described in (1)(a) above must be provided in native electronic format with extracted text or Optical Character Recognition (OCR) and all related metadata, and with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF) or as color JPEG images (where color is necessary to interpret the contents);

c.   Each electronic file should be assigned a unique document identifier ("DocID") or Bates reference.

2.   **Hard Copy Documents:** Documents stored in hard copy in the ordinary course of business should be submitted in an electronic format when at all possible. These documents should be true, correct, and complete copies of the original documents as converted to TIFF (or color JPEG) images with

4

corresponding document-level OCR text. Such a production is subject to the following requirements:

a.    Each page shall be endorsed with a document identification number (which can be a Bates number or a document control number); and

b.    Logical document determination should be clearly rendered in the accompanying load file and should correspond to that of the original document; and

c.    Documents shall be produced in color where necessary to interpret them or render them intelligible;

3.    For each document electronically submitted to the FTC, You should include the following metadata fields in a standard ASCII delimited Concordance DAT file:

a.    **For electronic mail**: begin Bates or unique document identification number ("DocID"), end Bates or DocID, mail folder path (location of email in personal folders, subfolders, deleted or sent items), custodian, from, to, cc, bcc, subject, date and time sent, date and time received, and complete attachment identification, including the Bates or DocID of the attachments (AttachIDs) delimited by a semicolon, MD5 or SHA Hash value, and link to native file;

b.    **For email attachments**: begin Bates or DocID, end Bates or DocID, parent email ID (Bates or DocID), page count, custodian, source location/file path, file name, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

c.    **For loose electronic documents (as retrieved directly from network file stores, hard drives, etc.)**: begin Bates or DocID, end Bates or DocID, page count, custodian, source media, file path, filename, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

d.    **For imaged hard copy documents**: begin Bates or DocID, end Bates or DocID, page count, source, and custodian; and where applicable, file folder name, binder name, attachment range, or other such references, as necessary to understand the context of the document as maintained in the ordinary course of business.

5

4. If you intend to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in Your computer systems or electronic storage media, or if Your computer systems contain or utilize such software, You must contact the Commission counsel named above to determine whether and in what manner You may use such software or services when producing materials in response to this Subpoena.

5. Submit electronic productions as follows:

   a. With passwords or other document-level encryption removed or otherwise provided to the FTC;

   b. As uncompressed electronic volumes on size-appropriate, Windows-compatible, media;

   c. All electronic media shall be scanned for and free of viruses;

   d. Data encryption tools may be employed to protect privileged or other personal or private information. The FTC accepts TrueCrypt, PGP, and SecureZip encrypted media. The passwords should be provided in advance of delivery, under separate cover. Alternate means of encryption should be discussed and approved by the FTC.

   e. Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

      **MAGNETIC MEDIA – DO NOT X-RAY**
      **MAY BE OPENED FOR POSTAL INSPECTION.**

6. All electronic files and images shall be accompanied by a production transmittal letter which includes:

   a. A summary of the number of records and all underlying images, emails, and associated attachments, native files, and databases in the production; and

   b. An index that identifies the corresponding consecutive document identification number(s) used to identify each person's documents and, if submitted in paper form, the box number containing such documents. If the index exists as a computer file(s), provide the index both as a printed hard copy and in machine-readable form (provided that the Commission counsel named above determines prior to submission that the machine- readable form would be in a

6

format that allows the agency to use the computer files). The Commission counsel named above will provide a sample index upon request.

**A Bureau of Consumer Protection Production Guide is available upon request from the Commission counsel named above. This guide provides detailed directions on how to fully comply with this instruction.**

I.     **Sensitive Personally Identifiable Information**:  If any material called for by these requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production If that information will not be redacted, contact us to discuss encrypting any electronic copies of such material with encryption software such as SecureZip and provide the encryption key in a separate communication.

    For purposes of these requests, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number <u>in combination with</u> one or more of the following: date of birth; Social Security number; driver's license number or other state identification number or a foreign country equivalent; passport number; financial account number; credit card number; or debit card number.  Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

J.     **Certification of Records of Regularly Conducted Activity**:  Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena the Company to testify at future proceedings in order to establish the admissibility of documents produced in response to this Subpoena. You are asked to execute this Certification and provide it with your response.

K.     **Right to Financial Privacy Act**:  The documents demanded by this Subpoena exclude any materials for which prior customer notice is required under the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401, <u>et seq.</u>

    a.     The RFPA, 12 U.S.C. § 3401(5), defines "customer" as any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name.

    b.     The RFPA, 12 U.S.C. § 3401(4), defines "person" as an individual or a partnership of five or fewer individuals.

7

c. The records demanded herein relate to either (a) an account or accounts at the Company in the name of a corporation or other entity that is not an individual or partnership of five or fewer individuals; or (b) an account or accounts at the Company in the name of a person associated with a financial transaction or class of financial transactions, in which case this CID demands only that information which may be disclosed without notice pursuant to the RFPA, 12 U.S.C. § 3413(g).

L. **Right to Financial Privacy Act - Certificate of Compliance:** You should produce the responsive information and materials only after receiving a Certificate of Compliance with the Right to Financial Privacy Act, 12 U.S.C. §§ 3401, et seq., from Commission staff.

M. **Exclusion of Suspicious Activity Reports**: The documents demanded by this Subpoena exclude Suspicious Activity Reports, which should not be produced.

## III. SPECIFICATIONS

**This subpoena supplements the subpoena served on Bank of America on April 7, 2015, Reference Number D040815000222. Please do not produce documents previously produced in response to that subpoena. If you have questions regarding this supplemental subpoena, please contact FTC staff attorney Korin Ewing Felix at (202) 326-3556.**

1. **"Corporate Accounts"** shall mean:

   1) Accounts in the name of, with an authorized signatory of, or relating to:

      i. Easy Payment Services, LLC or Easy Payment Services LLC;

      ii. Ethington Management, Inc. or Ethington Management Inc.;

      iii. HCG Diet Direct, LLC or HCG Diet Direct LLC;

      iv. Optimize, LLC or Optimize LLC;

      v. Growth Hormones Direct, LLC or Growth Hormones Direct LLC;

      vi. NovusOP, LLC or NovusOP LLC;

      vii. Prescription HCG, LLC or Prescription HCG LLC;

      viii. DietRedi, LLC or DietRedi LLC; or

      ix. PRE Properties, LLC or PRE Properties LLC.

Attach. A Ostrum Dec. Ex. 24 at 011

2) Accounts in the name of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the RFPA, to which any of the following individuals are signatories, members, or managers:

  i. Clint D. Ethington

  ii. Lauren Ethington

  iii. Seth Hassell

  iv. Jolynn M. Anderson

A. Produce any and all documents relating to each **Corporate Account**, including, but not limited to, the following:

  1) Account number;

  2) Type of account;

  3) Signature cards, corporate resolutions, and all other documents regarding signatories on the account;

  4) All other documents relating to the opening of the account;

  5) Copies of monthly or periodic bank statements;

  6) Copies of checks, drafts, wire transfers, ACH transfers, and other debit instruments, including any agreements and instructions regarding such debit instruments;

  7) Copies of all deposit tickets, credits and wire transfers, ACH transfers, and other deposit instruments, including any agreements and instructions regarding such credit instruments.

B. Produce any and all documents relating to any credit cards, lines of equity, or other extensions of credit opened by or for one of the **Corporate Accounts or the entities holding such Corporate Accounts, including those listed in Specification 1.1) above**, including, but not limited to, copies of monthly or periodic statements. If you have difficulty identifying such credit cards, lines of equity, or other extensions of credit, please contact FTC staff attorney Korin Ewing Felix at (202) 326-3556.

2. **Additional Accounts**: The following accounts transferred funds to the accounts previously identified by Bank of America in response to the April 7, 2015 subpoena in this matter, Reference Number D040815000222:

Attach. A Ostrum Dec. Ex. 24 at 012

1) Bank of America account number ********3056, which transferred $13,440.00 into the Optimize account, ********8150, on 3/5/2013;

2) Bank of America account number ********3073, which transferred $33,166.47 into the Optimize account, ********8150, on 2/11/2013;

3) Bank of America account number ********3466, which transferred $30,030.88 into the Optimize account, ********8150, on 1/10/2013;

4) Bank of America account number ********5036, which transferred $13,290.00 into the Optimize account ,********8150, on 2/6/2013; and

5) Bank of America account number ********8854, which transferred $4,050.00 in check payments (dated December 28, 2012) into the Optimize account, ********8150, on January 4, 2013.

A. If these **Additional Accounts** are accounts of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the RFPA, produce any and all documents relating to each account, including, but not limited to, the following:

    i. Account number;

    ii. Type of account;

    iii. Signature cards, corporate resolutions, and all other documents regarding signatories on the account;

    iv. All other documents relating to the opening of the account;

    v. Copies of monthly or periodic bank statements;

    vi. Copies of checks, drafts, wire transfers, ACH transfers, and other debit instruments, including any agreements and instructions regarding such debit instruments;

    vii. Copies of all deposit tickets, credits and wire transfers, ACH transfers, and other deposit instruments, including any agreements and instructions regarding such credit instruments;

    viii. Any and all documents relating to any credit cards, lines of equity, or other extensions of credit opened by or for one of the **Additional Accounts or for the entity holding an Additional Account**, including, but not limited to, copies of monthly or periodic statements.

Attach. A Ostrum Dec. Ex. 24 at 013

B. If these **Additional Accounts** are **personal accounts** or otherwise **not** accounts of corporations, limited liability companies, partnerships of more than five individuals, or other entities that are not a "person" for purposes of the RFPA, produce **only** the following information:

   1) Account holder's name;

   2) Account holder's address(es);

   3) All account numbers held by the account holder; and

   4) Type(s) of accounts held by the account holder.

NOTE: **The documents demanded by this CID exclude any information for which prior customer notice is required under to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401, et seq. Specification 1 seeks documents related to accounts titled in the names of corporations and other entities that are not identified with or identifiable as being derived from the financial records of a particular "person" as the term "person" is defined in the RFPA. Specification 2 is issued in conformance with the RFPA and, to the extent the accounts are not titled in the names of corporations and other entities that are not identified with or identifiable as being derived from the financial records of a particular "person" as the term "person" is defined in the RFPA, seeks <u>only</u> to obtain information permitted by Section 3413(g) of the RFPA, 12 U.S.C. § 3413(g). Documents produced should not contain any additional information. If you have any questions about these requests, please contact FTC staff attorney Korin Ewing Felix at (202) 326-3556 before providing responsive documents.**

Attach. A Ostrum Dec. Ex. 24 at 014

# CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY
## Pursuant to 28 U.S.C. § 1746

1. I, _____, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by Bank of America, N.A., and attached hereto.

3. The documents produced and attached hereto by Bank of America, N.A., are originals or true copies of records of regularly conducted activity that:

   a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   b) Were kept in the course of the regularly conducted activity of Bank of America, N.A.; and

   c) Were made by the regularly conducted activity as a regular practice of Bank of America, N.A.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2015.


_____
Signature

12

## CERTIFICATE OF COMPLIANCE

This certifies that the provisions of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3401, et seq., have been complied with as to the attached Subpoena for financial records directed to Bank of America, N.A. Information obtained pursuant to this Subopena is subject to 12 U.S.C. § 3413(g).

Under the RFPA, good faith reliance on this certificate relieves the recipient and its employees and agents of any liability to customers in connection with the requested disclosures of financial records of those customers. *See* 12 U.S.C. § 3417(c).

James A. Kohm
Associate Director
Division of Enforcement

Date

13

CERTIFICATE OF SERVICE

I, Korin Ewing Felix, an attorney, hereby certify that on May 14, 2015, I caused to be served true and correct copies of the Subpoena for Documents directed to Bank of America, N.A. by email to:

James R. Prochnow
Greenberg Traurig, LLP
The Tabor Center
1200 17th Street
Suite 2400
Denver, CO 80202
prochnowj@gtlaw.com


        /s/ Korin Ewing Felix
        Korin Ewing Felix
        Attorney for Plaintiff
        Federal Trade Commission

Attach. A Ostrum Dec. Ex. 24 at 017

# Exhibit 25

## AFFIDAVIT OF BANK OF AMERICA BANK OFFICER AND/OR CUSTODIAN OF RECORDS

Before me, the undersigned authority, personally appeared,
Elizabeth Pala
Who, being duly sworn by me, deposes and says as follows:

1.) **Authority.** I, Elizabeth Pala, am a duly authorized bank officer and/or custodian of the records of Bank of America N.A with authority to execute this affidavit and certify to the authenticity and accuracy of the records produced with this affidavit.

2.) **Records.** The records produced herewith by Bank of America, N.A. are original documents or are true copies of records of a regularly conducted banking activity that:

a.) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

b.) Were made and kept in the course of regularly conducted banking activity by Bank of America, N.A. personnel or by persons acting under their control; and

c.) Were made and kept by the regularly conducted activity of Bank of America N.A. as a regular practice, on or about the time of the act, condition, or event recorded.

**Additional Comments: These records include:**

- **Bank statements, checks, and deposits for account ending in 3073 in the name of Zookaware, LLC for the timeframe of January 2013 through March 2013.**
- **Bank statements, checks, and deposits for account ending in 5036 in the name of The Sole Investment Company LLC for the timeframe of January 2013 through August 2013.**
- **Bank statements and check for account ending in 3466 in the name of Zookaware "First" for the timeframe of January 2013 through March 2013.**

3.) **Production.** *(Select One)*

___X___The records produced herewith (together with any banking records produced by Bank of America N.A. previously in response to the subject request, order, or subpoena) constitute a complete production of bank records responsive to the subject request order or subpoena (or a complete production under the terms of a subject request, order, subpoena as subsequently limited by the issuer).

**OR**

_____A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

4.) I declare under penalty of perjury that the foregoing is true and correct.

Date: _6/9/15_ Signature: _____

The above named Bank of America N.A. bank officer and/or custodian of records is known to me (or satisfactorily proven) to be the person who subscribed the within document and acknowledged to me that he/she executed the same for the purposes stated there in.

__√___ Signer is personally known to me.

_____ Signer has produced the following identification: _____

Sworn to and subscribed before me this _9_ day of _June 2015_. In witness thereof I have set my hand and official seal.

_____
Signature of Notary Public in and for
State of DE
City/County of Newark/New Castle
My Commission Expires _____

CHRISTINE T ZUKOWSKI
NOTARY PUBLIC
MY COMMISSION EXPIRES ON
10-07-16
STATE OF DELAWARE

## CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY
### Pursuant to 28 U.S.C. § 1746

1. I, _Denise Sandvoss_____, have personal knowledge of the facts set forth below and am competent to testify as follows:

2. I have authority to certify the authenticity of the records produced by Bank of America, N.A., and attached hereto.

3. The documents produced and attached hereto by Bank of America, N.A., are originals or true copies of records of regularly conducted activity that:

   a) Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

   b) Were kept in the course of the regularly conducted activity of Bank of America, N.A.; and

   c) Were made by the regularly conducted activity as a regular practice of Bank of America, N.A.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _July 1_____, 2015.

_Denise Sandvoss_
Signature          officer

12

15/17          bank of america 2024612876          14/May/2015 3:43:36 PM

Attach. A Ostrum Dec. Ex. 25 at 002